NORMAN LITTLE, Appellee, v. FEDERAL
CONTAINER CORPORATION, Appellant.
—452 S.W.2d 875

Western Section. November 21, 1969.

Certiorari Denied by Supreme Court April 6, 1970.

Hal Gerber, Memphis, for appellant; Gerber, Gerber, Lewis & Marshal, Memphis, of counsel.

Philip G. Kaminsky, Memphis, for appellee; Feuerstein, Feibelman & Kaminsky, Memphis, of counsel.

MATHERNE, J. The plaintiff employee sued the defendant employer for damages due to breach of a contract of employment.

The plaintiff by Declaration averred he was hired for a twelve month period beginning April 11, 1968, and on November 9, 1968 he was discharged without cause or reason. Plaintiff sought as damages the amount of money he would have earned during the remainder of the twelve month period.

The defendant by plea denied it contracted as alleged or that it owed plaintiff any amount; and by amended plea denied it discharged plaintiff without cause or reason.

The lawsuit was heard by the Trial Judge sitting without a jury. The Trial Judge held for the plaintiff and entered judgment in his favor in the amount of $2,100.00. The defendant appealed and is entitled to a review de novo on the record as made in the trial court, with a presumption of the correctness of the judgment in that court. T.C.A. sec. 27-303.

The defendant insists the Trial Judge erred in holding as a matter of law that under the contract of employment the defendant could not discharge the plaintiff for just cause, and because of that holding the defendant could not have considered by the Trial Court the existence of facts which would tend to establish just cause for the discharge of the plaintiff.

Plaintiff alleged the contract of employment is a letter, dated April 11, 1968, to the plaintiff and signed by his brother James E. Little who was at the time the business consultant of defendant corporation. A Resolution was passed by defendant's board of directors on March 14, 1968 giving Mr. James E. Little authority "to sign employment contracts in behalf of Federal * * *."

The letter which plaintiff insists is his contract of employment provides:

"April 11, 1968

"Mr. Norman Little
4292 Knight Arnold Road
Memphis, Tennessee

Dear Norman:

This is to confirm our agreement as to your recently becoming associated with Federal Container Corporation of Tennessee.

As I have told you Federal Container Corporation is undercapitalized and there are substantial accounts which are past due. These were incurred before we bought the controlling interest in Federal. However, I believe the Company has excellent possibilities due to the arrangement Federal has with David Band, Inc. of New Orleans, Louisiana.

Federal cannot afford to pay you what you have been offered by another company but I believe that your possibilities for advancement in position and compensation with Federal are much greater.

To induce you to stay with Federal I have given you a 12 months contract guaranteeing you a gross annual salary of not less than $6,000.00 with a beginning salary of $100.00 per week with a guaranteed increase to $150.00 per week within six months. If your work is satisfactory I hope that Federal will be in position to raise your salary to $150.00 per week long before the six months period expires.

You will be under the direct supervision of Mr. R. E. McCrory and he shall be the sole judge as to whether your work is satisfactory. I have specifically asked Mr. McCrory to consider you as any other employee and not to let our relationship influence him in any way.

I know that you have the capabilities and I have the utmost faith in your becoming one of Federal's most valuable employees. I am happy to have you with us at Federal.

> Sincerely yours,
> Federal Container Comporation
> by James E. Little

A letter addressed "To Whom It May Concern" dated November 11, 1968 was signed by R. E. McCrory and given to the plaintiff. This is the only written instrument presented which relates to the discharge of plaintiff. This letter is as follows:

"This letter is written on behalf of Mr. Norman Little of 4292 Knight Arnold Road, Memphis, Tennessee.

Mr. Little was employed by Federal Container Corporation of Tennessee for almost a year, his tenure of service having terminated as of November 9, 1968 as a result of a reorganization of the business.

We have no hesitation is (sic) saying that Mr. Little is a man of very high moral standards, he is a willing worker, very conscientious and loyal, highly reliable, and all-in-all a most desirable employee. We would recommend him to such extent as he represents himself.

> FEDERAL CONTAINER
> CORPORATION OF
> TENNESSEE
> R. E. McCory
> Plant Manager."

R. E. McCrory testified for the plaintiff and stated plaintiff's work was satisfactory. He stated he discharged the plaintiff on order of his superiors, a Mr. Page and a Mr. George Martin. He stated the reason these superiors gave for the discharge was that plaintiff was the brother of James E. Little and a degree of incompatibility had arisen between them and James E. Little.

It appears from the record that at some time David Bland, Inc. obtained all the common stock of defendant corporation. It is not shown whether this was before or

after the plaintiff was hired, but the record reveals Mr. George Martin was present at defendant's plant and offices as of October, 1968 looking after the interests of David Bland, Inc. Mr. R. E. McCrory, plant manager of defendant, testified that Mr. Virgyl Johnson, president of defendant corporation, gave to McCrory instructions to take his orders from George Martin. McCrory stated he understood Mr. Martin and Mr. Page were the new owners of defendant coporation.

The plaintiff insists the contract of employment for twelve months cannot be terminated by the defendant unless Mr. R. E. McCrory finds plaintiff's work to be unsatisfactory. Plaintiff relies on Mr. McCrory's testimony that his work was satisfactory, and the letter dated November 11, 1968 stating the reason for discharge was "a result of reorganization of the business." Plaintiff therefore insists the contract was breached by defendant without cause or reason and he is entitled to damages sought.

Defendant insists it did not so contract, and it did not discharge plaintiff without cause or reason, and therefore did not breach the contract so as to be liable for damages in any amount.

The Trial Judge, accepting the fact that Mr. McCrory stated plaintiff's work was satisfactory, held as a matter of law the defendant breached the contract by discharging plaintiff before the expiration of the term, because under the contract if Mr. McCrory said plaintiff's work was satisfactory then the defendant corporate employer could not discharge plaintiff for cause.

Generally, a contract of employment for an indefinite term is a contract at will and may be terminated by

either party. Combs v. Standard Oil Co. of Louisiana (1933), 166 Tenn. 88, 59 S.W.2d 525; McCall v. Oldenburg (1964) 53 Tenn.App. 300, 382 S.W.2d 537. Whereas, a contract for a definite term may not be terminated before the end of the term, *except for cause* or by mutual agreement, unless the right to so do is reserved in the contract. 56 C.J.S. Master and Servant sec. 30, p. 411.

■ An employer has a right to discharge an employee at any time for just cause. The fact the employer bears with the incompetency or irregularities of such employee for a time does not estop the employer from discharging the employee for such incompetency if it continues. Glasgow v. Hood (Tenn.Chan.App.) 37 S.W. 162; Jackson v. Texas Co. (1929) 10 Tenn.App. 235.

■ We hold the provision in the letter to plaintiff, which he considers his contract, that Mr. R. E. McCrory will be the sole judge of whether plaintiff's work was satisfactory is not so binding on the corporate employer as to require a finding by Mr. McCrory that plaintiff's work is unsatisfactory before the defendant could discharge the plaintiff for cause.

■ It cannot be assumed the authority to sign employment contracts for defendant would give to Mr. Little the authority to sign a contract which would, in effect, deprive the defendant of all control over the employee hired. Many situations could arise whereby the defendant would have the right to discharge the plaintiff for cause such as total incompetence, drunkenness, absenteeism, destruction of property, etc. It cannot be inferred the parties to this contract intended the defendant could not discharge the plaintiff for these reasons so long as Mr. McCrory said plaintiff's work was satisfactory.

We, therefore, hold that if the proof should establish the contract of employment is as stated in the letter to plaintiff dated April 11, 1968, the provisions thereof do not as a matter of law prevent the defendant from discharging the plaintiff for just cause before the expiration of the term; and this point is at issue under defendant's plea denying it discharged the plaintiff without just cause.

Normally, in cases of this nature, where the lawsuit was heard on oral testimony by the trial judge sitting without a jury, this Court would, on a finding of error, enter such judgment as the law and the evidence warrant. However, in this case the Trial Judge did, early in the trial, hold as a matter of law the discharge of the plaintiff was a breach of the contract because Mr. McCrory said plaintiff's work was satisfactory. The Trial Judge also stated in effect that other proof tending to establish the defendant discharged the plaintiff for cause would not be considered by him, in that under the law the contract was breached by the defendant if Mr. McCrory said plaintiff's work was satisfactory.

Under these circumstances, Mr. McCrory having already testified plaintiff's work was satisfactory, it would appear rather futile for either party to introduce evidence as to whether the defendant did or did not have just cause to discharge the plaintiff. It appears from the record the determination made on this point of law did have a restrictive influence on the submission of proof by each side of the litigation concerning the presence or absence of just cause for the discharge of the plaintiff.

On our holding that under the contract of employment the defendant could discharge the plaintiff for just cause,

the parties would thereupon be free to introduce proof both pro and con as to the existence of just cause, and thereby present the entire case for determination by the court.

In that we disagree with the Trial Judge on this question of law, and the parties very likely did not present full proof because of the Trial Judge's ruling on this point, we remand for a new trial on all issues. Cost of this appeal is adjudged against the plaintiff, cost in the trial court to await the outcome of the new trial.

Carney P.J.(W.S.) and Taylor, J., concur.