Horit PHILLIPS, Plaintiff-Appellant,

v.

MEMPHIS FURNITURE MANUFACTURING COMPANY,
Defendant-Appellee.

Court of Appeals of Tennessee,
Western Section.

July 26, 1978.

Certiorari Denied by Supreme Court
Nov. 6, 1978.

Carol H. Daniel, Memphis, for plaintiff-appellant.

Canada, Russell & Turner, Patrick M. Ardis and Susan Callison, Memphis, for defendant-appellee.

MATHERNE, Judge.

The plaintiff, a discharged employee of the defendant, sues to recover vacation pay allegedly due under the contract of employment. The trial judge found for the defendant-employer and dismissed the plaintiff's lawsuit.

In October 1975 the plaintiff completed ten-years continuous service with the defendant. The trial judge found that the plaintiff was discharged for cause on May 26, 1976. There is no appeal from that ruling, and we, therefore, treat the plaintiff as having been discharged for cause.

The contract of employment is reflected in an Employee's Handbook which has the following provisions relative to vacations:

Each employee who has been an employee of the Company continuously for one year or more prior to June 1st shall be entitled to one week's vacation with pay.

In addition to the 5 days or 40 hours pay for employees who have completed one year's service by June 1st, employees who—

have completed 2 years service will receive 6 days or 48 hours pay.

have completed 3 years service will receive 7 days or 56 hours pay.

have completed 4 years service will receive 8 days or 64 hours pay.

Each employee who has been an employee of the Company continuously for FIVE YEARS or more prior to June 1st shall be entitled to TWO WEEKS vacation pay each year.

In addition to the 10 days or two weeks paid vacation for employees with 5 or more years service by June 1st, employees with 10 years of service will receive a third week of vacation pay. Employees with 20 years or more service will receive a fourth week of vacation pay. The third or fourth weeks of vacation for those qualified may not be taken at the regular vacation period, but will be scheduled at the convenience of the Company between the end of our regular vacation period and the beginning of the next. When the third and fourth weeks of vacation are taken, employees will receive the vacation pay just as if they had worked 40 hours that week. The Company feels it is most important that people with 10 and 20 years of service take their third and fourth weeks of vacation; consequently, it must be taken and pay will not be given in lieu of the vacation. Every effort will be made by our supervisors to schedule each employee's extra vacation week at a time convenient to him or her, but he will also have to be guided by production needs. All vacations must be taken in the vacation year from June 1st to May 31st and may not be accumulated.

All of our past rules for vacation eligibility will still govern. Only continuous service completed by June 1st will count toward vacations. Vacation pay will be computed by multiplying the employees'

straight time base rate, times the number of hours he is entitled to.

Continuous service shall not be considered to have been broken by short term lay-offs or temporary shutdowns of the Company's plant because of momentary scheduling problems, changes, etc.

No employee may demand pay in lieu of vacations, nor may he accumulate or carry over his vacation from one calendar year to the next. In an emergency, the company may require an employee to work during his vacation and such employee shall receive his vacation pay in lieu of his vacation, plus his regular pay for whatever time he works during his vacation period but in such cases the company will give the employee as much notice as possible.

Vacation pay shall in all cases be figured at the employee's straight time base rate.

The plaintiff argues that he had a vested right to three weeks vacation pay as of October 1975, and the June 1 date merely states the time after which he could realize that benefit. The plaintiff was scheduled for a vacation beginning June 26, 1976.

The defendant insists that the contract requires that an employee be actually employed at the time of the vacation. The proof is that the defendant had not in the past paid any amount to a discharged employee as vacation pay.

We hold that the quoted provisions of the contract entitles an employee to a "vacation with pay", and requires the employee to take the vacation in order to obtain the benefit. We further hold that under the contract a vacation with pay contemplates employment at the time of the vacation. The contract can not be construed to mean that the vacation with pay should be considered as providing a cash bonus in lieu of a vacation with pay.

The case of *Textile Workers Union of America v. Brookside Mills* (1957), 203 Tenn. 71, 309 S.W.2d 371, is not in point. There the contract provided for "vacation pay" in an amount equal to a certain percentage of the employees annual earnings. This "vacation pay" was to be paid on June 1 of each year with the week of July 4 each year designated as vacation week. In *Brookside*, the employer ceased all operations due to economic reasons and for those reasons the employment of the three plaintiffs was terminated in January, February and March of 1956. The Court in *Brookside* held that the employees were entitled to vacation pay based upon their earnings from the date of last payment of vacation pay to the date of discharge. *Brookside* dealt with a contract for "vacation pay" the present lawsuit deals with a contract for "vacation with pay." For these reasons, the present case is distinguishable from *Brookside*.

The judgment of the trial court is affirmed. Cost in this Court is not taxed because the plaintiff's appeal is on pauper's oath.

NEARN and EWELL, JJ., concur.