Howard Franklin DAVENPORT,
Plaintiff-Appellant,

v.

MONTGOMERY WARD, a Corporation,
d/b/a Jefferson Ward, a corporation,
a/k/a J.B. Hunter Corporation, and
Charles Nick, Defendants-Appellees.

Court of Appeals of Tennessee,
Western Section, at Jackson.

Sept. 19, 1983.

Application for permission to appeal Denied
by Supreme Court Nov. 28, 1983.

Motion to Reconsider denied by
Supreme Court on Jan. 30, 1984.

Ben Todd, of Todd & Deal, P.C., Memphis, for plaintiff-appellant.

DeWitt M. Shy, Jr. of Burch, Porter & Johnson, Memphis, for defendants-appellees.

TOMLIN, Judge.

Plaintiff appeals to this Court from an order of the Circuit Court of Shelby County granting defendants' motion for summary judgment. The principal issue presented, which is dispositive of this case, is whether or not the trial court was correct in granting summary judgment. We are of the opinion that it was.

Prior to the termination of his employment, plaintiff worked as a sales person and stock clerk for Jefferson Ward, a store owned by the defendant. A customer of the defendant had been arrested for shoplifting on or about October 19, 1979, and it was believed by the arrested party and/or his attorney that plaintiff had some knowledge about the facts surrounding his arrest. It seems that an attorney for the customer who had been arrested had contacted the plaintiff regarding information pertaining to the arrest. A short time thereafter a conversation took place between the plaintiff and one Charles Nick, the security manager of the Jefferson Ward store, concerning the contact between the plaintiff and the customer's counsel. In this conversation, Mr. Nick advised Davenport as to company policy on this point. The facts are in dispute as to just what Mr. Nick allegedly said to the plaintiff. Plaintiff was discharged by defendant's personnel manager on November 15, 1979. Plaintiff brought this suit against the defendant company and Charles Nick, alleging multiple causes of action in both contract and tort, asserting, among other things, that he had been a victim of a retaliatory firing. Plaintiff also alleged that the defendant company was guilty of the tort of outrageous conduct.

In addition to their answer, defendants filed a motion for summary judgment, alleging that there were no genuine issues concerning any material facts. In support of their motion, defendants relied upon the discovery deposition of the plaintiff, as well as sworn affidavits of Charles Nick, defendant company's security manager, and Marsha Flinn, its personnel manager. No countervailing affidavits and/or depositions were filed by plaintiff.

In reviewing a lower court order granting a motion for summary judgment, we apply the standard of review set out in *Stone v. Hinds,* 541 S.W.2d 598, 600 (Tenn. App.1976), *cert. denied* (1976).

> [T]his Court must consider the matter in the same manner as a motion for a directed verdict made at the close of the plaintiff's proof; i.e., we must view all affidavits in the light most favorable to the opponent of the motion and draw all legitimate conclusions of fact therefrom in that favor. If after so doing a disputed issue of material fact is made out, the motion must be denied.

In his discovery deposition offered by defendants in support of their motion, plaintiff testified that, while yet an employee of defendant company, he was called into the office of Mr. Charles Nick, security manager, and asked whether he intended to testify in court in favor of a customer who had been arrested in the store for shoplifting. When plaintiff informed Mr. Nick that he had been approached by the customer's attorney concerning the possibility of giving a statement or deposition, Mr. Nick advised the plaintiff that it was store policy that an employee should not give a statement or testify unless a store representative was present. Plaintiff further stated that Nick informed him that if he broke this rule he would be terminated.

The affidavit of Charles Nick, reads in part as follows:

> I talked with Mr. Davenport and was advised by him that he had in fact been contacted by [the customer's] lawyer, a Mr. McCormick, and that Mr. McCormick had indicated that he might want to take a recorded statement or deposition of Mr. Davenport.

After learning of this from Mr. Davenport, I advised him that the company's policy was that an employee should not give a statement or deposition in a case without a representative of the company being present.

However, as to the termination of plaintiff's employment, Nick asserted that his conversation with plaintiff had no bearing on this decision.

Subsequent to my conversation with Mr. Davenport, which occurred on only one occasion and which lasted approximately five minutes, I had no further conversations or discussions with him on the subject and did not know prior to his termination, which I now understand occurred on November 15, 1979, whether or not he gave any statement or deposition in the case prior to [the customer's] trial which occurred on January 17, 1980, two months subsequent to his termination.

I had no input whatsoever in the decision to terminate Mr. Davenport's employment and had no knowledge of the termination until some date after it occurred.

The affidavit of Marsha Flinn, defendant's personnel manager, states that her decision to terminate plaintiff was based solely on his excessive absenteeism and his failure to report for work for three consecutive days.

On November 15, 1979, I terminated the employment of Mr. Davenport for his excessive absenteeism and failure to report to work since November 13, 1979 without any explanation.

Prior to my termination of Mr. Davenport, I never had any knowledge of, or had any conversations with Charles Nick or anyone else regarding Howard Davenport's knowledge of any facts pertaining to [the customer] or his arrest for shoplifting, or any alleged expression of intent of Mr. Davenport to give a statement or a deposition or to testify at a trial concerning [the customer's] arrest.

Rule 56.05 T.R.C.P. reads in part as follows:

*56.05 Form of Affidavits; Further Testimony; Defense Required*

The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

It was stated by another section of this Court in *Wachovia Bank & Trust Co., N.A. v. Glass,* 575 S.W.2d 950 (Tenn.App.1978), *cert. denied,* (1978), that on a motion for summary judgment, disputes as to material facts had to be evidenced by affidavits or other sworn evidence of facts, and not merely by unsworn generalized assertions in pleadings.

The law concerning the burden placed upon a party in a motion for summary judgment is aptly set forth in 73 Am.Jur.2d, Summary Judgment, § 15, which reads as follows:

In order to obtain a summary judgment, the movant therefor must sustain his burden of showing that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law.... [I]f the movant would be entitled on the basis of material in his affidavit to a directed verdict at a trial, the other party then would have the burden of coming forward with specific controverting facts, and he must expose the existence of a genuine issue which would prevent a trial from being a useless formality....

The defendants met their initial burden on their motion for summary judgment by showing through the affidavits filed in support thereof that the plaintiff was terminated for excessive absenteeism and unexplained absences, and that the plaintiff's intention to testify on behalf of a

customer was unknown to the personnel manager who fired plaintiff and played no part in her decision to fire him. These affidavits then shifted the burden to plaintiff to meet the affidavits of defendants with specific controverting facts. This the plaintiff totally failed to do. The most that can be said of the plaintiff's discovery deposition, which again was relied upon by the defendants, was that he *believed* his dismissal was motivated by his express intention to testify on behalf of the customer. In no way does plaintiff counter defendant's affidavits as to his excessive absenteeism and unexplained absences. Plaintiff thus failed to set forth specific controverting facts required to create a genuine issue of material fact in light of the defendants' affidavits. While the documents in this record do raise a disputed issue of fact regarding the conversation between plaintiff and Nick, this disputed issue of fact is immaterial in this case.

We reaffirm and restate the position of this Court as taken in the case of *Avery Emert, et ux v. Gleason Foundry, Inc.,* an unpublished opinion written by now Presiding Judge Nearn, filed March 19, 1982, in which it stated, "In this case we decline to announce, create, or recognize in this plaintiff worker a cause of action in either tort or contract for a "retaliatory discharge."

Furthermore, we agree with our brothers on the Middle Section, who, in the case of *Whittaker v. Care-More, Inc.,* 621 S.W.2d 395, (Tenn.App.1981), *cert. denied,* (1981), reaffirmed the "employee-at-will" rule in this state, commenting that

It is not the province of this court to change the law as plaintiffs assert. That prerogative lies with the supreme court or the legislature. However, based upon our review of this area of the law we are compelled to note that any substantial change in the "employee-at-will" rule should first be microscopically analyzed regarding its effect on the commerce of this state.

*Id.* at 396.

In *Emert,* we also stated, "There may be public policy reasons that would require a Court to hold that there are exceptions to the rule that such relationship may be terminated for any or all reasons."

As far as the nature of plaintiff's claim is concerned, a serious question is presented. The charge made by the plaintiff implies an alleged interference with our courts and the administration of justice. Properly presented, this would certainly be noteworthy of consideration as a public policy reason for allowing a suit such as this. However, regardless of the seriousness of the nature of the claim, it must be presented to our courts in accordance with the rules of procedure and practice. In the case before us, the defendants have successfully and fully carried their burden of showing that there is no genuine issue of a material fact for trial. Accordingly, the judgment of the trial court granting summary judgment is affirmed. Costs in this cause are taxed to the plaintiff, for which execution may issue, if necessary.

NEARN, P.J. (W.S.), and CRAWFORD, J., concur.