**Samuel B. HANCE, Plaintiff-Appellee,**

v.

**UNITED FAMILY LIFE INSURANCE COMPANY, Defendant-Appellant.**

Court of Appeals of Tennessee,
Eastern Section.

Oct. 9, 1986.

Permission to Appeal Denied by
Supreme Court Jan. 20, 1987.

Shannon D. Faulkner, III, with Poore, Cox, Baker, Ray & Byrne, Knoxville, for defendant-appellant.

Ward S. Whelchel, with Whelchel & Attanasio, Knoxville, for plaintiff-appellee.

## OPINION

SANDERS, Judge.

The Defendant has appealed from a judgment for the cost of an incentive trip award offered to its employees while Plaintiff was employed by the company.

The Defendant-Appellant, United Family Life Insurance Company, is engaged in the business of writing life insurance in the state of Tennessee. The policies are primarily burial insurance policies. It pays its agents a commission on the policies they sell. It is not clear in the record but it appears that some type of bonus is also paid. In addition to the monetary compensation for its agents the company offers a free, all-expense-paid trip each year to attend the president's annual sales conference, to the agents who meet a certain quota of increased sales during a twelve-month period. The purpose of the free trip is an inducement for greater production by the agents and to recognize them for outstanding achievement.

In 1982 and 1983 the Plaintiff-Appellee, Samuel B. Hance, was in the employ of the Defendant as one of its agents. During that period of time the company was offering a free trip to the president's sales conference consisting of a Caribbean cruise for each agent and his or her spouse who met a given sales quota between June, 1982, and July, 1983. By January, 1983, the Plaintiff had met the required quota for the trip and in August the vice-president of the company sent him a letter inviting him to the 1983 presidential sales conference to be held aboard the S.S. Emerald Seas, leaving Miami on October 3.

In the interim, between January and August, the Plaintiff's sales had decreased very substantially and he was informed that unless his sales were improved his employment would be terminated. His sales did not improve and he was terminated on September 9. Because his employment was terminated he was not permitted to attend the conference, and that precipitated this litigation.

In his complaint he alleged that since he had qualified for the trip and was not per-

mitted to take it, he was entitled to recover the cost of the trip.

The Defendant, for answer, said the Plaintiff had no contractual right to attend the conference. Attendance at the conference was a gratuity extended to its salesmen and being in the employment of the company at the time of the conference was a prerequisite to eligibility to attend.

Upon the trial of the case the court found the issues in favor of the Plaintiff and awarded him $2,092 plus interest of $418.40.

The Defendant has appealed, saying the court was in error, and we agree.

At the time the Plaintiff was designated as agent of the Defendant they entered into a written contract which pertained to such things as duties, compensation, termination of the contract, bond, etc., but there was nothing mentioned about attending the president's annual sales conference or other gratuities of the company. We are therefore dependent on the testimony of the witnesses as to what the requirements were for an agent to be eligible to take the trip and there is no dispute in the testimony as to what the requirements were. The first requisite was for the agent to make a given quota in sales. The Plaintiff met this requirement. A second prerequisite was that the agent had to be in the employment of the company at the time the conference was held. The Plaintiff did not meet this requirement. If an agent who was qualified for the trip but for some reason did not take the trip, he was not entitled to be compensated in lieu of taking the trip.

Although the Plaintiff did not allege the Defendant acted in bad faith in terminating his employment, it appears this was the basis of the court's decision. In his determination of the case the court's only comment was, "If this plaintiff's performance was so poor from February for the next six months that they write him a letter on the 4th of August and it says, 'Congratulations. You are invited to attend the conference.' And then less than five weeks later he's canned, conveniently three weeks before this trip. The odor is overwhelming, gentlemen."

We fail to find that the proof would support a finding of bad faith on behalf of the Defendant. The undisputed proof shows that during the period of June, 1982, to January, 1983, the Plaintiff was one of the company's leading salespersons, but during the last six months of his employment the total increase in sales over losses was only $56. The proof further shows that during this period of time the Plaintiff's wife was employed by an insurance company that was in competition with the Defendant and Plaintiff would "help her" with her work for that company. Even if it could be said the Defendant had a bad motive for terminating the Plaintiff, we do not think that would be controlling in the case at bar.

The issues presented for review by the Appellant are:

"1. Did the defendant breach its contract of employment with the plaintiff?

"2. Was the plaintiff entitled to be paid the value of the Presidential Sales Conference if he was terminated prior to the date of the trip and was no longer an employee of the company?"

As pertinent to these issues, the contract between the parties provides: "TERMINATION Either party may terminate this Agreement by notice in writing mailed to the last known address of either party. This Agreement shall automatically terminate upon the death of the Agent. Upon termination by either party for whatever reason no further remuneration shall be payable to the Agent and the Agent hereby renounces and relinquishes any rights present or future to any accumulated reserves or commissions of any nature whatsoever." Under the provisions of the contract the Plaintiff was an employee-at-will. In the case of *Clanton v. Cain-Sloan Co.*, 677 S.W.2d 441 (Tenn.1984) our Supreme Court stated, through Justice Brock, the rule in this jurisdiction relating to such contracts, as follows:

"Under long-established Tennessee law, an employee-at-will can be discharged without breach of contract for good cause, bad cause or no cause at all.

*Payne v. Railroad Company*, 81 Tenn. 507 (1884); *Whittaker v. Care-More, Inc.*, 621 S.W.2d 395 (Tenn.App.1981)." Unquestionably, the Defendant had the right to terminate the Plaintiff's employment without being required to answer in damages therefor. Also, there are numerous holdings in other jurisdictions that where an employer promises to pay a bonus to an employee which does not require the employee to do or forego something he was not otherwise obligated to do or to forego, it was a mere gratuity and did not rise to the dignity of contract. *See* 81 A.L.R.2d, 1066, Sec. 4 at 1075. There is no showing the Plaintiff did anything he was not required to do under his contract of employment nor that he did forego anything to meet the required quota.

The Appellant also relies upon the case of *Phillips v. Memphis Furniture Mfg. Co.*, 573 S.W.2d 493 (Tenn.App.1978) as supportive of its contention. In *Phillips*, under the company rules the plaintiff was entitled to three weeks' vacation with pay each year. At the time of his discharge the plaintiff had not taken all of the vacation he was entitled to and brought suit to recover the pay he would have drawn during such vacation. The trial court found the issues in favor of the employer. On appeal this court affirmed, saying: "We hold that the quoted provisions of the contract entitle an employee to a 'vacation with pay', and require the employee to take the vacation in order to obtain the benefit. We further hold that under the contract a vacation with pay contemplates employment at the time of the vacation. The contract can not be construed to mean that the vacation with pay should be considered as providing a cash bonus in lieu of a vacation with pay." We think that case is in harmony with the case at bar. *Also see* 33 A.L.R.4th, 264 Sec. 8 at 284.

Since the Plaintiff was an employee-at-will and the rules required him to be an employee of the company at the time of the conference, and the free trip was a mere gratuity, we find the trial court was in error in awarding judgment in favor of the Plaintiff.

The judgment of the trial court is reversed and the complaint dismissed. The cost of this appeal, together with the cost of the trial court, is taxed to the Appellee.

GODDARD and FRANKS, JJ., concur.