914 F.2d 257
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Greg MCLEMORE, Plaintiff-Appellant,
v.
CITY OF ADAMSVILLE, TENNESSEE, Harry Boosey, Mayor, City of
Adamsville, Martha Leitschuh, Steve Simon, and
Herman Enlow, Defendants-Appellees.
 Nos. 89-6321, 89-6368.
 United States Court of Appeals, Sixth Circuit.
 Sept. 11, 1990.
 
 Before KRUPANSKY and BOGGS, Circuit Judges, CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, Greg McLemore (McLemore), has appealed from the district court's grant of summary judgment in favor of defendants-appellants, City of Adamsville, et al. (Adamsville).[1] McLemore commenced this action, pursuant to 42 U.S.C. Sec. 1983, alleging that he was illegally discharged from his position as chief of police for Adamsville in violation of the due process clause of the fourteenth amendment of the U.S. Constitution. He has also charged that Adamsville's action in dismissing him without a pretermination hearing was a breach of an implied employment contract pursuant to Tennessee state law.[2]
 
 
 2
 Adamsville's city charter, as amended in April of 1987, provided that the city commission was delegated authority to appoint all city department heads, including the chief of police, who "shall be appointed for indefinite terms and ... shall serve at the pleasure of the commission." Section 3.02 of the City Charter (emphasis added).
 
 
 3
 On May 11, 1987, McLemore was re-appointed by the city commission as chief of the police department pursuant to newly enacted section 3.02 of the city charter. However, on January 4, 1988, the city commission voted to discharge McLemore. Adamsville neither provided McLemore with a pretermination hearing nor offered any rationale for its decision.
 
 
 4
 On June 30, 1989, the district court granted summary judgment in favor of Adamsville. The district court concluded that because the city charter provided that McLemore was an at-will employee and could be discharged at any time without cause, he did not possess a constitutionally protected property interest in his continued employment with Adamsville. As to his pendent state claim, the district court determined that Tennessee law did not require a hearing prior to termination of an at-will employee.
 
 
 5
 On appeal, McLemore has charged that Adamsville violated his due process rights protected by the fourteenth amendment by failing to provide him with a pretermination hearing within the pronouncement of Cleveland Board of Education v. Loudermill, 470 U.S. 539, 546, 105 S.Ct. 1487, 1495, 84 L.Ed.2d 494 (1985). In Loudermill, the Supreme Court decided that the due process clause required that, prior to termination, a public employee, with a property interest in his employment, be given notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his version of the controversy to the employer. See also Buckner v. City of Highland Park, 901 F.2d 491, 494 (6th Cir.1990).
 
 
 6
 However, as hereinbefore discussed, the Constitution guarantees a predetermination hearing only to those public employees who have a property interest in their continued employment. "Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that secure certain benefits and that support claims of entitlement to these benefits." Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972); accord Spruyette v. Walters, 753 F.2d 498, 506 (6th Cir.1985). As such, whether such claim of entitlement exists, and the sufficiency thereof, is determined by reference to state law. Bishop v. Wood, 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976).
 
 
 7
 In Tennessee, city charter provisions and ordinances may give rise to property rights for continued employment. Huddleston v. City of Murfreesboro, 635 S.W.2d 694 (Tenn.1982). However, a review of the Adamsville's city charter reveals that, by its specific terms, the chief of police "shall serve at the pleasure of the commission." Sixth Circuit precedent dictates that an employee does not have a protected property interest in his continued employment "when his position is held at the will and pleasure of his superiors." Chilingirian v. Boris, 882 F.2d 200, 203 (6th Cir.1989). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must, instead, have a legitimate claim of entitlement to it." Roth, 408 U.S. at 577, 92 S.Ct. at 2709.
 
 
 8
 Notwithstanding the plain language of the city charter, McLemore cites to McMurphy v. City of Flushing, 802 F.2d 191 (6th Cir.1986) for the proposition that all state and city employees have a property interest in their continued employment. McLemore's reliance on McMurphy is misplaced. While McMurphy does state in broad language that "Loudermill requires a pretermination hearing before a public employee can be discharged," the opinion assumed, without discussion, that the police officer, who had been discharged in that case, had a property interest in his continued employment. The McMurphy decision does not support the principle that all state and local governmental employees automatically have a property interest in their continued employment and automatically have a right to a pretermination hearing. This court has continually stated that a governmental employee does not have a protected property interest in his continued employment if he is an employee at-will. Chilingirian, 882 F.2d at 203 (6th Cir.1989) ("a public employee does not have a property interest in continued employment when his position is held at the will and pleasure of his superiors"); Matulin v. Village of Lodi, 862 F.2d 609, 616 (6th Cir.1988) (a government employee that can be dismissed without cause does not have a protected property interest in his continued employment); Cremeans v. City of Roseville, 861 F.2d 878, 880 (6th Cir.1988) (same); Averitt v. Cloon, 796 F.2d 195, 199 (6th Cir.1986) (same). Nothing in McMurphy is to the contrary.
 
 
 9
 McLemore, however, has also argued that the city charter does not control the contours of his employment relationship with Adamsville. He has urged that his employment relationship with Adamsville was defined by the rules governing "classified service" employees. McLemore has reasoned that since he was a classified employee when he was originally employed by Adamsville, he has remained in its classified service notwithstanding his promotion to chief of police.
 
 
 10
 McLemore's argument is without merit. Contrary to McLemore's assertion, the city charter exclusively controls McLemore's employment relationship with Adamsville. Nothing in the city charter or elsewhere supports McLemore's conclusion that "once a city classified employee always a classified city employee."
 
 
 11
 Finally, McLemore has argued that Adamsville improperly dismissed him pursuant to Tennessee state law. However, under Tennessee law, an individual is an at-will employee, as long as the city charter or other city regulations do not provide otherwise. Whittaker v. Care-More, Inc., 621 S.W.2d 395 (Tenn.App.1981). As previously stated, the Adamsville's city charter clearly provides that McLemore was an at-will employee.
 
 
 12
 Accordingly, upon review of McLemore's assignments of error, the record in its entirety, the briefs of the parties, and the oral arguments of counsel, this court AFFIRMS the district court's grant of summary judgment in favor of Adamsville and further concludes that McLemore's remaining assignments of error are without merit.
 
 
 
 [1]
 The other defendants-appellees are Harry Boosey, the Mayor of Adamsville, and Martha Leitschuh, Steve Simon, and Herman Enlow, Aldermen of Adamsville
 
 
 [2]
 McLemore's complaint also contained two other claims: (1) violation of the equal protection clause of the fourteenth amendment of the U.S. Constitution; and (2) violation of the Tennessee open meeting law, T.C.A. Sec. 8-44-101, et seq. McLemore, however, voluntarily dismissed both of these claims