IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 4, 2002 Session

## RICHARD LEE v. CITY OF LAVERGNE, ET AL.

**Appeal from the Chancery Court for Rutherford County**
**No. 00MI-386     Robert E. Corlew, III, Chancellor**

_____

**No. M2001-02098-COA-R3-CV - Filed March 28, 2003**

_____

The cause was heard by the Chancery Court for Rutherford County, on a petition for Writ of Certiorari. The Chancellor remanded the case and ordered the City of LaVergne to provide plaintiff a hearing before the City Administrator. The City appealed. We find the appellee was an at will employee, and as such, has no property interest in his job. Therefore, a due process claim is inapplicable. Appellee relies upon the City of LaVergne Employee Manual. The Manual does not contain clear and binding language to create a contract of employment, and does not create any property rights in appellee. Therefore, the judgment of the Chancellor is reversed.

**Tenn. R. App. P. 3 as of Right; Judgment of the Chancery Court**
**Reversed**

ALLEN W. WALLACE, SP. J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S. and PATRICIA J. COTTRELL, J., joined.

Gregory H. Oakley, Nashville, Tennessee, for the appellants, City of LaVergne and Howard Morris.

Richard Lee, Murfreesboro, Tennessee, Pro Se.

**OPINION**

**I.**

This case comes to the Court from a ruling of the trial court on a Writ of Certiorari and a remand back to the City Administrator of the City of LaVergne for a new hearing. The determinations in this case are issues of law. Our review of the trial court's conclusions on matters of law is **de novo** with no presumption of correctness. **Bowden v. Ward**, 27 S.W.3d 913 (Tenn. 2000).

Appellee was an employee of the City of LaVergne, Tennessee Police Department. He was terminated from this position on January 19, 2000. The facts surrounding his termination are in

dispute. However, this Court must look first at the status of appellee's employment before considering the facts of his discharge.

Appellee is an at-will employee unless there is a contract stating specific terms of employment. If there is no such contract, the employee has no entitlement to his position and therefore no property interest to be deprived of if he is summarily dismissed. **Whittaker v. Care-More, Inc.**, 621 S.W.2d 395 (Tenn. Ct. App. 1981).

The law is well settled in Tennessee that an at-will employee may be terminated for good cause, bad cause or no cause at all, without notice. **Whittaker v. Care-More, Inc., supra; Forrester v. Stockstill**, 869 S.W.2d 328 (Tenn. 1994); **Bennett v. Steiner- Liff Iron and Metal Co.**, 826 S.W.2d 119 (Tenn. 1992).

The appellee insists that the "Handbook," the City's personnel policy, creates an employment contract. Therefore, it is necessary to carefully review the employee personnel policy of the City of LaVergne. Although the policy has many specific provisions, some even outlining an elaborate grievance procedure for employer actions adverse to the employee, nowhere in the personnel policy is there any language indicating any intent by the City to be contractually bound by its terms. To the contrary, the Handbook specifically provides as follows:

## SECTION I - PERSONNEL POLICIES

### A.      PURPOSE AND OBJECTIVES
. . . .
These policies nor any provisions herein is an employment contract or any other type of contract. The City reserves the right to change or revise these rules and regulations without notice when such action is deemed necessary by the City.
. . . .

## SECTION II- EMPLOYMENT

### A.      SCOPE

All employees of the City are employed for an <u>indefinite</u> <u>term</u>. Either the employee or the City may terminate the employment relationship at any time, with or without cause . . . . **Emphasis added**.

Appellee further signed a receipt on two occasions reading as follows:

I have received my copy of the Personnel Rules and Regulations for the City of LaVergne. I understand that the policies and procedures contained in this manual constitute management <u>guidelines only</u> and in no way are to be interpreted or intended as a contract between the City and any of its employees. Also, I understand

that the City expressly reserves the right to modify or delete any of the policies contained herein, without notice.  **Emphasis added.**

The Western Section of this Court had a similar question in **James Crittenden v. Memphis Housing Authority**, App. No. 02A01-9609-CV-00211, decided July 3, 1997.  In that opinion, citing **Graves v. Anchor Wire Corp.**, 692 S.W.2d 420, 421 (Tenn. Ct. App. 1985), **Whittaker v. Care-More, Inc.**, 621 S.W.2d 395, 397 (Tenn. Ct. App. 1981), accord **Davis v. Connecticut Gen. Life Ins. Co.**, 743 F. Supp. 1273, 1280 (M.D. Tenn. 1990), the Court held that Tennessee still adheres to the "Employee-at-will" rule.  The presumption that an employee is at-will must be overcome by specific language guaranteeing a definite term of employment.  In this case, the Handbook contains specific contrary language; that is, appellee is employed for an indefinite term.

An employee handbook may become a binding part of an employment contract if it contains specific language showing the employer's agreement to be bound by its provisions.  **Reed v. Alamo Rent-A-Car**, 4 S.W.3d 677 (Tenn. Ct. App. 1999); **Rose v. Tipton County Public Works Dept.**, 953 S.W.2d 690 (Tenn. Ct. App. 1997).

In **Reed v. Alamo Rent-A-Car, supra**, the Court states:

". . . we could conceive no clearer way for an employer to express its intent not to be bound by an employee handbook's provision than the employer's specific statement that the handbook is not a contract or that the handbook should not be construed as a contract."

4 S.W.3d at 688.

Therefore, appellee is an at-will employee and has no property right in his employment.  His employment could be terminated for cause or no cause, without notice.  We, therefore, reverse the judgment of the trial court and dismiss appellee's case. Costs of this appeal are taxed to the appellee, Richard Lee, for which execution may issue if necessary.

_____
ALLEN W. WALLACE, SPECIAL JUDGE