Chuong C. WILLIAMS, et al,
Plaintiffs/Appellants,

v.

MAREMONT CORPORATION,
Defendant/Appellee.

Court of Appeals of Tennessee,
Eastern Section.

May 4, 1988.

Application for Permission to Appeal
Denied by Supreme Court
Aug. 22, 1988.

 

Beverly Lyall Sharpe, McDonald, Levy, March & Taylor, Knoxville, for plaintiffs/appellants.

Wheeler A. Rosenbalm, Frantz, McConnell & Seymour, Knoxville, for defendant/appellee.

## OPINION

ANDERSON, Judge.

Former employees appeal the Loudon County Circuit Court's summary judgment in favor of employer. They contend they had an employment contract with Maremont Corporation which Maremont breached. We reverse the trial court's judgment and remand.

Plaintiff's, all former employees of Maremont Corporation's plant at Loudon, Tennessee, were hired in 1976, 1977, or 1978. None was hired for a specific term of employment. All, however, were given copies of the Maremont Employee Handbook which, among its provisions, stated the following:

> Recalls: Upon resumption of work or increase in the work force following layoff other than temporary layoff, employees will be recalled in the order of seniority. The employees on layoff with the most seniority will be the first to be recalled, except where, by reason of experience or ability of an employee, it becomes necessary to depart from this order.

In September 1985, all of the Plaintiffs were terminated. At that time they ranged in seniority from six years, eleven months to nine years, four months. Many of the Plaintiffs would have been entitled to increased employment benefits upon having attained ten years' service with Maremont. In early 1986, Maremont began rehiring some of the employees laid off in September 1985, and also hired some new employees. None of the Plaintiffs was rehired. Of those rehired by the plant in early 1986, some had less seniority than Plaintiffs, and some had no seniority at all.

Plaintiffs filed their complaint in September 1986, alleging that Maremont had breached the employment contract by failing to follow the seniority recall provisions of its employee handbook, by failing to pay Plaintiffs incentive benefits, and by discriminating against Plaintiffs on the basis of their seniority. The determinative issue was whether the employee handbook had become part of the employment contract between the parties.

Maremont moved for summary judgment, asserting that Plaintiffs were employees-at-will and thus had no enforceable right of recall according to their seniority. Accompanying the motion was an affidavit of Bill Thompson, the plant's personnel manager, who stated that Maremont's long-standing policy was to hire employees for only an indefinite term of employment. The affidavit further stated that the Plaintiffs were told they were being permanently discharged, rather than being laid off, and that they would not be recalled according to seniority. The Plaintiffs responded

with affidavits stating they had been told they were being laid off in order of seniority rather than being permanently terminated, and they would be rehired in order of seniority. They further asserted they had not been rehired, although others with less seniority had been rehired. They also stated they were qualified for and able to perform the jobs for which Maremont had hired others.

On September 22, 1987, the trial court granted Maremont's motion for summary judgment, holding

(1) the complaint fails to state a claim upon which relief can be granted, and (2) the plaintiffs, being employees at will of defendant Maremont Corporation, do not have a claim cognizable at law growing out of the termination of their employment and the failure of Maremont Corporation to recall them to employment.

This appeal followed.

A trial court must render summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56.03, Tennessee Rules of Civil Procedure. In reviewing summary judgments

this Court views the pleadings, depositions, answers to interrogatories, admissions, and competent affidavits in a light most favorable to the opponent of the motion. Likewise, all legitimate conclusions from the record should be drawn in favor of the opponent of the motion.

*Price v. Mercury Supply Co., Inc.*, 682 S.W.2d 924, 929 (Tenn.Ct.App.1984), *perm. app. denied*, 682 S.W.2d 924 (Tenn.1984). Our review of the pleadings, answers to request for admissions, and affidavits of the parties, examined in a light most favorable to Plaintiffs, establishes that the trial court erred in granting summary judgment as a matter of law.

■ The parties do not dispute that Maremont employed all the Plaintiffs for indefinite terms. As a general rule "[t]he law is well established in this state that a contract for employment for an *indefinite* term is a contract at will and can be terminated by either part[y] at any time without cause." *Graves v. Anchor Wire Corp.*, 692 S.W.2d 420, 422 (Tenn.Ct.App.1985), *perm. app. denied*, 692 S.W.2d 420 (Tenn.1985) (citing with approval *Whittaker v. Care-More, Inc.*, 621 S.W.2d 395 (Tenn.Ct.App.1981)) (emphasis in original). The mere lack of a definite durational term, however, does not prohibit the existence of other terms to the contract. For instance, parties typically agree on other terms of employment, such as wages and hours, without regard to the lack of a specific durational term.

In *Hamby v. Genesco, Inc.*, this Court found that an employee handbook had become part of the contract of employment between the employees and the company and, in so doing, we said:

The employer-employee relationship is contractual in nature. 53 Am.Jur.2d *Master and Servant* § 14 (1970). *See, also, Seals v. Zollo*, 205 Tenn. 463, 327 S.W.2d 41 (1959). The employer-employee relationship is the product of an agreement or series of agreements between the employer and employee, including, but not limited to, the nature of the work to be performed, the duration of the employment and the terms and conditions of the employment.

627 S.W.2d 373, 375–76 (Tenn.Ct.App.1981), *perm. app. denied*, 627 S.W.2d 373 (Tenn. 1982). Unquestionably "it is the Court's duty to enforce contracts according to their plain terms.... Further, the language used must be taken and understood in its plain, ordinary and popular sense." *Bob Pearsall Motors, Inc. v. Regal Chrysler-Plymouth, Inc.*, 521 S.W.2d 578, 580 (Tenn. 1975), *reh'g den.*, 521 S.W.2d 578 (Tenn. 1975) (citations omitted). The terms of the employee handbook here are clear. It states that "employees *will* be recalled in the order of seniority." (emphasis added). Maremont asserts that because it is free under the doctrine of employment at will to terminate any of its employees at any time, its promise in the employee handbook is mere *nudum pactum*—a naked agreement unenforceable at law. We do not agree.

■ Maremont contractually bound itself to lay off and rehire Plaintiffs in order

of seniority. Maremont's promise of seniority-based job recall, together with increased benefits after ten years of employment, was clothed in the consideration of improved stability of the work force and better cooperation between management and the employees. Maremont was not obligated to create its seniority policy, but having done so to the detriment of those relying upon the policy, it may not now treat its promise as an empty one.

Maremont argues that its promise is unenforceable "because there is no way to fashion a remedy for the breach." It asserts that the remedies of damages and specific performance are inappropriate because there is no basis for assessing damages or ordering re-employment because theoretically the employer could terminate at will immediately upon rehiring Plaintiffs.

The remedy of specific performance may not be available but damages may be recovered for breach of contract. This contract, as all contracts, impliedly provides for good faith and fair dealing between the parties. *Gibson's Suits in Chancery*, 6th Edition, § 34. All parties are bound by law "to act in word and deed, in a responsible manner" and the trier of fact in assessing damages would hold the parties to this standard.

We think that under the record before us, the affidavit of Maremont to the motion and the affidavits of Plaintiffs to the response raise a genuine issue of material fact—the issue of whether the Plaintiffs were permanently terminated or temporarily laid off. This genuine issue of material fact renders summary judgment inappropriate in this case.

For the foregoing reasons, the judgment of the trial court is reversed and this cause is remanded for a trial on the merits. Costs are taxed to the Appellee.

SANDERS, P.J. (E.S.), and FRANKS, J., concur.