**Edward E. RANDOLPH,
Plaintiff–Appellee,**

**v.**

**DOMINION BANK OF MIDDLE
TENNESSEE, Defendant–
Appellant.**

Court of Appeals of Tennessee,
Western Section,
at Nashville.

Sept. 4, 1991.

Application for Permission to Appeal
Denied by Supreme Court Jan. 27, 1992.

Charles R. Ray, Nashville, for plaintiff-appellee.

Randall C. Ferguson, Nashville, for defendant-appellant.

CRAWFORD, Judge.

This is an employee discharge case. Plaintiff, Edward E. Randolph, was discharged from his employment with defendant, Dominion Bank of Middle Tennessee, and shortly thereafter filed suit against the bank. The complaint includes causes of action for age discrimination, violation of the Human Rights Statute, Retaliatory Discharge and violation of an implied covenant of good faith and fair dealing in the employment contract.

Defendant bank filed a motion to dismiss pursuant to Rule 12.02, Tennessee Rules of Civil Procedure, as to the actions based on retaliatory discharge and breach of an implied covenant of good faith and fair dealing in the contract of employment. The

trial court granted the motion as to retaliatory discharge, but denied the motion as to the implied covenant. This Court granted defendant's application for interlocutory appeal, pursuant to Rule 9, T.R.A.P., on the sole issue of whether the trial court erred in denying the motion to dismiss the cause of action based on an implied covenant of good faith and fair dealing in the employment contract.

■ In reviewing an appeal from an order dismissing a suit for failure to state a claim upon which relief can be granted, we obviously are limited to the allegations in the complaint, and we must construe the complaint liberally in favor of the plaintiff, taking all of the allegations of fact therein as true. *Huckeby v. Spangler,* 521 S.W.2d 568, 571 (Tenn.1975), appeal after remand, 563 S.W.2d 555 (Tenn.1978). In *Fuerst v. Methodist Hospital South,* 566 S.W.2d 847 (Tenn.1978), the Court quoted with approval the United States Supreme Court in *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) as follows:

> [A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.

566 S.W.2d at 848.

As pertinent to the issues before us, the complaint alleges that the plaintiff was terminated from his position as Marketing and Customer Service Coordinator of the main office of the defendant on September 20, 1990 after 24 years of service. He was 60 years of age. On the day of his termination, plaintiff was advised by defendant's Executive Vice President that his position had been eliminated and that there were no other positions available for him in the defendant's system. Plaintiff was further advised that he was doing a good job and that there were no complaints about his work. At the time, plaintiff was the oldest employee in terms of age and tenure at defendant's main office. Plaintiff sought information regarding other positions with defendant because of his loss of retirement and other benefits, but was told there were no other positions for which he was qualified.

The complaint alleges that 12 individuals employed by the defendant under the age of 40 had their positions eliminated and all of those individuals were transferred to other positions throughout the bank. Plaintiff avers, "[t]his policy of the bank to find suitable positions for employees outside the protected age category while refusing to find a position for the plaintiff, constitutes disparate treatment." He alleges that the duties of the marketing and customer service coordinator are still required at the main office of the defendant and the duties are currently being carried out by another employee of the defendant.

The complaint makes no allegation that there is a written contract of employment, nor does the complaint specify any details or terms of the contract of employment between the parties. However, plaintiff in his argument has conceded that the contract of employment was for an indeterminate term and was an employment at will contract.

■ The rule has been well established in this state that a contract of employment for an indefinite term is a contract at will and can be terminated by either party at any time without cause. *Graves v. Anchor Wire Corp. of Tennessee,* 692 S.W.2d 420 (Tenn.App.1985). In *Payne v. Western & Atlantic Railroad Co.,* 81 Tenn. 507 (1884), the Supreme Court said:

> All may dismiss their employees at will, be they many or few, for good cause, for no cause or even for cause morally wrong without being thereby guilty of legal wrong.

81 Tenn. at 519–520. In *Clanton v. Cain-Sloan Co.,* 677 S.W.2d 441 (Tenn.1984), the Supreme Court modified the rule laid down in *Payne.* In *Cain-Sloan,* the Court was faced with the question of "whether an exception to this rule should be recognized where the cause of the discharge is the employee's exercise of rights under the workers compensation laws." The Court noted that the Workers Compensation Act provides in T.C.A. § 50–6–114 (1983):

No contract or agreement, written or implied, or rule, regulation, or other device shall in any manner operate to relieve any employer in whole or in part of any obligation created by this chapter except as herein provided:

The Court found that retaliatory discharge is a "device" under this statute and held that "a cause of action for retaliatory discharge, although not explicitly created by the statute, is necessary to enforce the duty of the employer, to secure the rights of the employee and to carry out the intention of the legislature." 677 S.W.2d at 445.

Subsequent to the *Cain–Sloan* case, our Supreme Court has shown some reluctance in expanding exceptions to the employment at will doctrine. See *Chism v. Mid–South Milling Company, Inc.,* 762 S.W.2d 552 (Tenn.1988); *Watson v. Cleveland Chair Company,* 789 S.W.2d 538 (Tenn.1989).

Another example of the reluctance of our Supreme Court to judicially restrict the employee-at-will doctrine is convincingly shown by its decision in *Harney v. Meadowbrook Nursing Center,* 784 S.W.2d 921 (Tenn.1990). Plaintiff-employee brought an action against her former employer, alleging that she was discharged from her position because she gave favorable testimony in an administrative hearing regarding an unemployment compensation claim filed by a co-worker. The trial court found that the plaintiff was an employee-at-will and had no cause of action against her employer for her dismissal. The Court of Appeals reversed. In reversing the Court of Appeals and reinstating the judgment of the trial court, Justice O'Brien speaking for the Supreme Court said:

> The long standing rule in this State is that an employee-at-will may be discharged without breach of contract for good cause, bad cause or no cause at all, without being thereby guilty of legal wrong. Either the employer or employee may terminate the relationship at will. See *Clanton,* supra, p. 443; *Payne v. Western & Atlantic Railroad Company,* 81 Tenn. 507, 519–520. (13 Lee) (1884).

*Clanton* did not create a new exception to the foregoing rule. The Court merely recognized that implicit within the provisions of T.C.A. § 50–6–114 a cause of action existed to prevent an employer from utilizing retaliatory discharge as a device to defeat the rights of an employee under the Workers' Compensation Law. The decision was not intended as a license for the courts to enlarge on the employee-at-will rule or create other exceptions to public policy or the common-law in the absence of some constitutional or legislative precedent.

784 S.W.2d at 922.

In *Whittaker v. Care–More, Inc.,* 621 S.W.2d 395 (Tenn.App.1981), the Court of Appeals considered the argument that there is an implied covenant of good faith and fair dealing in an employment at will contract. The Court, in rejecting the argument and reaffirming the law as established by *Payne,* said:

> The theory of bad faith is that in any contract of employment there is an implied covenant of good faith and fair dealing and that termination not made in good faith constitutes a breach of contract. See *Fortune v. National Cash Register Co., supra* [373 Mass. 96, 364 N.E.2d 1251]. *Few courts have accepted this concept.* (Emphasis added).

621 S.W.2d at 396.

Plaintiff relies upon *Williams v. Maremont Corp.,* 776 S.W.2d 78 (Tenn. App.1988) in his insistence that he has a cause of action for breach of implied covenant of good faith and fair dealing in the employment contract. In *Williams* former employees of Maremont Corporation sued for breach of an employment contract. The trial court granted summary judgment to defendant-employer and the Eastern Section of this Court reversed.

Plaintiffs were hired between 1976 and 1978, and none was hired for a specific term of employment. At the time of their hiring, they were given the Maremont Employee Handbook which stated, among other things:

> Recalls: Upon resumption of work or increase in the work force following lay-

off other than temporary layoff, employees will be recalled in the order of seniority. The employees on layoff with the most seniority will be the first to be recalled, except where, by reason of experience or ability of an employee, it becomes necessary to depart from this order.

776 S.W.2d at 79.

In September of 1985, the plaintiffs were terminated, and, at that time, they had various terms of seniority ranging from approximately six years to approximately nine years. In early 1986, Maremont began rehiring but did not rehire any of the plaintiffs. Plaintiffs' complaint alleged that Maremont had breached the employment contract by failing to follow the seniority recall provision in the handbook. The court noted that the determinative issue was whether the employee handbook was a part of the employment contract. The Court of Appeals decided this issue in favor of the employees, noting that "the mere lack of a definite durational term does not prohibit the existence of other terms to the contract." 776 S.W.2d at 80. The Court said:

> Maremont contractually bound itself to lay off and rehire Plaintiffs in order of seniority. Maremont's promise of seniority-based job recall, together with increased benefits after ten years of employment, was clothed in the consideration of improved stability of the work force and better cooperation between management and the employees. Maremont was not obligated to create its seniority policy, but having done so to the detriment of those relying upon the policy, it may not now treat its promise as an empty one.

776 S.W.2d at 80–81. Based on the affidavits filed in support of and in opposition to the Motion for Summary Judgment, the Court of Appeals found a disputed issue of material fact as to whether plaintiffs were permanently terminated or temporarily laid off, which made summary judgment inappropriate.

Randolph in the instant case argues "that the custom and practice of appellant in finding positions for terminated employees through reduction in force is just as viable as the provisions of the written recall policy promulgated by Maremont." We must respectfully disagree. Plaintiff's complaint does not allege a past practice or custom. As we previously noted, we are confined to the allegations of the complaint. In any event, past practice or custom might well establish discrimination, but would not establish a contractual provision on the same plane with the contractual provision set out in *Williams*.

In essence, Randolph is asking this Court to create another exception to the employment at will doctrine, and as this Court has on other occasions noted, it is not the province of this Court to change the law, as we are bound to follow the doctrine of *stare decisis*. It is the prerogative of the Supreme Court or the Legislature to make such changes if they are to be made.

Accordingly, the order of the trial court denying the defendant's motion to dismiss the cause of action based on implied covenant of good faith and fair dealing in the employment contract is reversed, and this cause of action is dismissed. The case is remanded to the trial court for such further proceedings as may be necessary. Costs of the appeal are assessed against appellee.

FARMER and CANTRELL, JJ., concur.