ALLEN B. COLE,                    )
                                  )
        Petitioner/Appellant,     )      Appeal No.
                                  )      01-A-01-9605-CH-00216
v.                                )
                                  )      Davidson Chancery
TENNESSEE BOARD OF PAROLES,       )      No. 95-3498-III
                                  )
        Respondent/Appellee.      )

FILED

September 6, 1996

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE

APPEAL FROM THE CHANCERY COURT FOR DAVIDSON COUNTY

AT NASHVILLE, TENNESSEE

THE HONORABLE ROBERT S. BRANDT, CHANCELLOR

ALLEN B. COLE, Pro Se
N.C.S.C.
7466 Centennial Boulevard
Nashville, Tennessee  37209-1052


CHARLES W. BURSON
Attorney General and Reporter

ABIGAIL TURNER
Assistant Attorney General
Civil Rights and Claims Division
404 James Robertson Parkway
Suite 2000 Parkway Towers
Nashville, Tennessee  37243
        ATTORNEYS FOR RESPONDENT/APPELLEE

REVERSED AND REMANDED

# MEMORANDUM OPINION[1]

This is an appeal by petitioner, Allen B. Cole, from the judgment of the Chancery Court of Davidson County granting the motion to dismiss of respondent, the Tennessee Board of Paroles ("the Board").

Pursuant to a plea agreement, petitioner plead guilty to second degree murder and received a sentence of fifteen years. In September 1995, the Board held a hearing to determine whether to release petitioner on parole. Thereafter, the Board informed petitioner that they had decided to deny him parole because of the seriousness of his offense. One board member even noted the fact that petitioner had beaten his victim to death.

Petitioner then filed a petition for writ of certiorari seeking a review of the Board's decision. Petitioner argued that the Board's denial was arbitrary and capricious and violated his right to due process and equal protection. Specifically, petitioner claimed the Board erred when it relied solely on the seriousness of his offense as its basis for denying him parole. He explained that the Board uses the term "seriousness of the offense" with such frequency that the term lacks any definition or limitation. Moreover, petitioner claimed it was necessary for the Board to provide him with a more detailed statement of the reasons for their denial.

In response to the petition, the Board filed a motion to

---

[1]Court of Appeals Rule 10(b):
The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

dismiss pursuant to Tennessee Rule of Civil Procedure 12.02(6), failure to state a claim upon which relief can be granted. In addition to the motion, the Board filed a memorandum of law and an affidavit. In support of its motion, the board claimed that the petition sought to challenge the intrinsic correctness of the Board's decision and that review of such a question was beyond the trial court's scope of review.

On 17 January 1996, the chancellor entered a judgment on the motion to dismiss. The judgment stated in its entirety as follows:

> The petitioner has filed a petition for common law certiorari in which he challenges the correctness of a decision of the Tennessee Board of Paroles not to grant him parole. The intrinsic correctness of decisions of the Tennessee Board of Paroles is not subject to judicial review by a petition for writ of common law certiorari. Accordingly, the case is dismissed at the petitioner's cost.

Thereafter, petitioner filed a notice of appeal to this court. The issue presented for our review is whether the trial court erred when it granted the motion to dismiss in the Board's favor. It is the opinion of this court that it did.

It is well settled in Tennessee that a common law writ of certiorari may not challenge the intrinsic correctness of an administrative body's decision. Just two years ago, this court stated:

> The scope of review under the common law writ, however, is very narrow. It covers only an inquiry into whether the Board has exceeded its jurisdiction or is acting illegally, fraudulently, or arbitrarily. Conclusory terms such as "arbitrary and capricious" will not entitle a petitioner to the writ. At the risk of oversimplification, one may say that it is not the correctness of the decision that is subject to judicial review, but the manner in which the decision is reached. If the agency or board has reached its decision in a constitutional or lawful manner, then the decision would not be subject to judicial review.

*Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 873 (Tenn.

3

App. 1994) (citations omitted). Thus, the issue in this case boils down to whether the petitioner's allegations challenge the Board's methods or its conclusions.

At the outset, we must discuss the affect of the Board's affidavit. Rule 12.02 of the Tennessee Rules of Civil Procedure states, in pertinent part, as follows:

> [T]he following defenses may at the option of the pleader be made by motion in writing: . . . (6) failure to state a claim upon which relief can be granted . . . . If, on a motion asserting the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Tenn. R. Civ. P. 12.02 (Supp. 1995). Nevertheless, a court can "prevent a conversion from taking place by declining to consider extraneous matters." *Pacific E. Corp. v. Gulf Life Holding Co.*, 902 S.W.2d 946, 952 (Tenn. App. 1995). Thus, we must determine if the trial court considered "matters outside the pleading."

A matter outside the pleading is "'any written or oral evidence in support or in opposition to a pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings.'" *Kosloff v. State Auto. Mut. Ins. Co.*, Ch. App. No. 89-152-II, 1989 WL 144006, at *2 (Tenn App. 1 Dec. 1989) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1366, at 681-82 (1969)). In this case, the Board filed an affidavit with three exhibits. The affidavit and the exhibits provided information that petitioner had not included in his petition. Specifically, it provided additional details of petitioner's crime and his previous parole hearings. Because the affidavit constituted "matters outside the pleading," the only

4

remaining question is whether the court considered the affidavit.

As quoted earlier, Rule 12.02 provides that the court shall treat a 12.02(6) motion to dismiss as a motion for summary judgment if the court fails to exclude the additional evidence. In this case, the court did not explicitly exclude the affidavit, but the court's order implied that it did not consider the affidavit. First, the court clearly based its judgment on Rule 12.02(6) grounds, i.e., the petition stated a claim for which the court could not grant relief. Second, the court did not address any of the subjects associated with summary judgment such as the degree of factual dispute.

Given these facts, we are of the opinion that the trial court did not convert the motion into one for summary judgment. Because there was no conversion, we review this case as a motion to dismiss. When reviewing the denial of a motion to dismiss "we obviously are limited to the allegations in the complaint, and we must construe the complaint liberally in favor of the plaintiff, taking all of the allegations of fact therein as true." *Randolph v. Dominion Bank of Middle Tenn.*, 826 S.W.2d 477, 478 (Tenn. App. 1991) (citing *Huckeby v. Spangler*, 521 S.W.2d 568, 571 (Tenn. 1975)).

This brings us back to the initial issue of whether petitioner's claim challenged the correctness of the board's decision. Petitioner claims the basis of the Board's decision, seriousness of the offense, lacks objective criteria and, therefore, reliance solely on this basis violates due process and equal protection. It is petitioner's contention that the Board must provide a more detailed explanation of the basis for its denial and not rely on an undefined phrase. This claim challenges

the means used by the Board in making its decision. Petitioner does not ask the court to reverse the decision of the Board. Instead, he asks the court to hold that the Board acted illegally in that it violated petitioner's rights to procedural due process and equal protection. Upon making such a finding, the court would be correct in awarding a new hearing, not in reversing the initial decision. Because petitioner does not challenge the intrinsic correctness of the Board's decision, the trial court erred in dismissing the writ.

Therefore, the decision of the trial court is reversed, and the cause is remanded for any further necessary proceedings. Cost on appeal are taxed to respondent/appellee, the Tennessee Board of Paroles.

 

 

_____
SAMUEL L. LEWIS, JUDGE


CONCUR:


_____
BEN H. CANTRELL, JUDGE


WILLIAM C. KOCH, JR., JUDGE
CONCURRING IN SEPARATE OPINION