IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

**FILED**

May 21, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

**CHARLES E. HAYNES,**

       Plaintiff-Appellant,

Vs.

**JUDGE DONALD P. HARRIS,
ET AL,**

       Defendants-Appellees.

From the Hickman County Circuit Court, No. 97-5180C

The Honorable James L. Weatherford, Judge

C.A. No. 01A01-9810-CV-00518

*AFFIRMED AND REMANDED*

D. Randall Mantooth; Hal W. Wilkins;
Leitner, Williams, Dooley & Napolitan,
PLLC of Nashville
For Appellee, Jim Rice

John Knox Walkup, Attorney General
and Reporter; Michael E. Moore,
    Solicitor General; Mary M. Bers,
    Assistant Attorney General
    For Appellees, Harris, Baugh, Ronald
    Davis, Eric Davis, Adams, Henderson,
    and Drolsum

Charles E. Haynes, Pro Se

---

MEMORANDUM OPINION[1]

---

*CRAWFORD, J.*

Plaintiff/Appellant, Charles E. Haynes, appeals the orders of the trial court dismissing his complaint for failure to state a claim against Defendants/Appellees, Judge Donald P. Harris, et al.

In reviewing an appeal from an order dismissing a suit for failure to state a claim upon which relief can be granted, we obviously are limited to the allegations in the complaint, and we must construe the complaint liberally in favor of the plaintiff, taking all of the allegations of fact therein as true. *Randolph v. Dominion Bank of Middle Tennessee*, 826 S.W.2d 477, 478 (Tenn. App. 1991) (citing *Huckeby v. Spangler*, 521 S.W.2d 568, 571 (Tenn. 1974)). Dismissal under Tenn. R. Civ. P. 12.02(6) is warranted only when no set of facts will entitle the plaintiff to relief. *Pemberton v. American Distilled Spirits Co.*, 664 S.W.2d 690, 691 (Tenn. 1984). Moreover,

---

[1]Rule 10 (Court of Appeals). <u>Memorandum Opinion</u>. -- (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

a complaint should not be dismissed no matter how poorly drafted if it states a cause of action.

*Dobbs v. Guenther*, 846 S.W.2d 270, 273 (Tenn. App. 1992). In *Humphries v. West End Terrace, Inc.*, 795 S.W.2d 128 (Tenn. App. 1990), this Court said:

> A motion to dismiss pursuant to Rule 12.02(6), Tenn. R. Civ. P., for failure to state a claim upon which relief can be granted is the equivalent of a demurrer under our former common law procedure and, thus, is a test of the sufficiency of the leading pleading. *Cornpropst v. Sloan*, 528 S.W.2d 188, 190, 93 A.L.R.3d 979 (Tenn. 1975). Such a motion admits the truth of all relevant and material averments contained in the complaint but asserts that such facts do not constitute a cause of action. *Cornpropst*, 528 S.W.2d at 190. A complaint should not be dismissed upon such motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Fuerst v. Methodist Hospital South*, 566 S.W.2d 847, 848 (Tenn. 1978). In considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court should construe the complaint liberally in favor of the plaintiff taking all of the allegations of fact therein as true. *Huckeby v. Spangler*, 521 S.W.2d 568, 571 (Tenn. 1975).

*Humphries*, 795 S.W.2d at 130. On appeal, issues raised by a Rule 12.02(6) motion to dismiss are questions of law that are reviewed *de novo* with no presumption of correctness. *Owens v. Truckstops of Am.*, 915 S.W.2d 420, 424 (Tenn. 1996).

With the above rules in mind, we examine Plaintiff's complaint filed September 5, 1997, against Judge Donald P. Harris, Joseph Baugh, Ronald Davis, Eric Davis, John Henderson, Larry Drolsum, Merrilyn Feirman[2], Jim Rice and Mark Adams. The pertinent allegations of the complaint are as follows: Haynes is incarcerated at the West Tennessee High Security Facility serving a life sentence for first degree murder. Haynes, along with a co-defendant, Nathaniel Fleming, were convicted of first degree murder on October 20, 1990. After his conviction was affirmed on appeal, Haynes filed a petition for post-conviction relief on June 27, 1994, in the Hickman County Criminal Court. Defendant Jim Rice is the court clerk. On July 28, 1994, an answer to the petition was filed by Defendant Ronald Davis, who is the Assistant District Attorney. In July 1994, counsel from the public defender's office was appointed by Criminal

---

[2] Assistant Attorney General Merrilyn Feirman was not served with process and was subsequently dismissed. There is no appeal from her dismissal.

In addition, Ms. Feirman's name is spelled a number of different ways in the record. The spelling used in this opinion is how her name is spelled in the trial court's order dismissing her as a defendant.

Court Judge Donald P. Harris to represent Haynes. Defendant John Henderson is the District Public Defender. Haynes avers that he never learned the name of his appointed counsel nor was he ever contacted by the appointed counsel until the date of the hearing on his petition on March 26, 1996, when Assistant Public Defender Larry Drolsum met with him. In the interim, Haynes filed two motions, one on July 15, 1995 and the other on January 4, 1996, requesting the court to reappoint counsel to represent him since he had not heard from anyone from the public defender's office. These motions were denied on the day of the March 26, 1996 hearing.

During the proceedings on March 26, 1996 before Judge Harris, Haynes objected to Drolsum's representation arguing that there was a conflict of interest since Drolsum was also representing Haynes' co-defendant, Nathaniel Fleming.[3] Haynes avers that Drolsum and Fleming had met on several occasions beforehand and that this was the first time he had met or conversed with Drolsum. Haynes also objected to the consolidation of his petition with his co-defendant's petition and to the fact that he had not been contacted by his appointed attorney prior to the day of the hearing. Furthermore, Haynes submits that Judge Harris, during the proceedings, stated the issues that he would allow to be raised during the hearing. Haynes avers that none of the issues stated by the judge were raised by him in his petition.

Because of Haynes' objections, Judge Harris appointed Mark Adams, a private attorney, to represent Haynes on July 24, 1996. Haynes subsequently contacted Adams in August of 1996. Adams stated that he was unaware of his being appointed as counsel to represent Haynes but that he would check into the matter. Haynes avers that he never heard from Adams or the court.

The complaint alleges actions under 42 U.S.C. § 1983, § 1985(2) and (3) for violation of his constitutional rights under the United States Constitution and the Tennessee Constitution.[4] Haynes also seeks damages pursuant to 42 U.S.C. § 1986. Haynes alleges that the Defendants violated his right of access to the court and his rights of due process and equal protection of the

---

[3] Fleming had filed his petition for post-conviction relief in the Hickman Criminal Court on or about October 12, 1993. Drolsum was appointed by the court to represent Fleming on this matter.

[4] The complaint also alleges that in January 1997, Haynes filed a proceeding for writ of mandamus in federal court. According to his complaint and brief, this motion is pending appeal in the Sixth Circuit Court of Appeals.

law due to the manner in which his petition was handled in that the Defendants conspired against him to violate his constitutional rights and that they knew or should have known about the conspiracy and did not stop it. Haynes requests a declaration that his rights were violated and an award of compensatory damages.

The Defendants subsequently filed motions pursuant to Tenn.R.Civ.P. 12.02(6) to dismiss the complaint for failure to state a claim upon which relief can be granted. On March 20, 1998, the trial court granted the Defendants' motions to dismiss.

Haynes appeals and the only issue for review is whether the trial court erred in granting the Defendants' motions to dismiss.

Haynes' complaint purports to state a claim under 42 U.S.C. § 1983, § 1985(2) and (3), and § 1986 due to an alleged conspiracy to deprive him of his right of access to the courts and his due process and equal protection rights. "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). The same is true in order to state a claim under 42 U.S.C. § 1985(2). *Jaco v. Bloechle*, 739 F.2d 239, 245 (6th Cir. 1984). As for 42 U.S.C. § 1985(3), along with requiring specificity, there must also be allegations of a class-based conspiracy in order to state a claim. *Id.* (citing *Griffin v. Breckenridge*, 403 U.S. 88, 91 S. Ct. 1790, 29 L. Ed. 2d 338 (1971); *Taylor v. Brighton Corp.*, 616 F.2d 256 (6th Cir. 1980)); *see also Dunn v. Tennessee*, 697 F.2d 121, 124 (6th Cir. 1982) (To state a claim under § 1985(3), a complaint must allege both a conspiracy and some class-based discriminatory animus behind the conspirators' action.).

From a review of the allegations contained in Haynes' complaint, we find that they are insufficient to withstand a motion to dismiss for failure to state a claim. Haynes' allegations lack the requisite material facts and specificity necessary to sustain a conspiracy claim. His allegations also fail to allege a class-based conspiracy for § 1985(3) purposes. Thus, the trial court properly dismissed Haynes' claims under § 1983 and § 1985(2) and (3). Moreover, because Haynes' § 1986 claim is dependent upon the existence of a valid § 1985 cause of action, it was properly dismissed likewise. *See Jaco*, 739 F.2d at 245.

Although Defendants in the trial court and again in this court present several other valid reasons for the dismissal of the complaint for failure to state a claim upon which relief can be granted, we will not prolong this opinion by delving into them separately.

Accordingly, the orders of the trial court dismissing the complaint are affirmed, and the case is remanded to the trial court for such further proceedings as may be necessary. Costs of the appeal are assessed against the appellant.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**


_____
**ALAN E. HIGHERS, JUDGE**


_____
**DAVID R. FARMER, JUDGE**