IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 2, 2004 Session

## JOHN F. MCCARTHY v. UT-BATTLE, LLC

**Appeal from the Circuit Court for Roane County**
**No. 12775     Russell Simmons, Jr., Judge**

**FILED FEBRUARY 25, 2004**

**No. E2003-02052-COA-R3-CV**

_____

The Plaintiff was an at-will employee of the Defendant when he was terminated for an asserted cause. In this action he alleges that he was wrongfully terminated because the Oak Ridge National Laboratory Handbook afforded him a contractual right of peer review. The motion of the Defendants for summary judgment was granted upon a finding that the Handbook was not an employment contract. We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court is Affirmed**

WILLIAM H. INMAN, SR. J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, J.J., joined.

Jerrold L. Becker, Knoxville, Tennessee, attorney for Appellant, John F. McCarthy..

Jeffrey S. Guilford and Alan M. Parker, Oak Ridge, Tennessee, attorneys for Appellee, UT-Battelle, LLC.

## OPINION

### I.

The Plaintiff, John F. McCarthy, was employed as a Distinguished Scientist at the Oak Ridge National Laboratory [hereafter "ORNL" or "Defendant"]. His employment was terminated on August 24, 2001 for "falsification of Time Record." One month later, he requested a peer review of his termination, which was denied as untimely; he thereupon initiated a different appeal, which was again denied as untimely. The Plaintiff then filed this action for damages for his alleged wrongful termination, claiming that the Defendant failed to follow the procedure prescribed by the ORNL Handbook [hereafter "Handbook"].

-1-

The Defendant moved for summary judgment because the Handbook on which the Plaintiff relied as a predicate for his action was not a contract of employment. The motion was granted and the complaint was dismissed. The Plaintiff appeals and presents for review the dispositive issue of whether the Handbook created a contractual right for a peer review hearing. Appellate review is *de novo* on the record with no presumption of correctness. ***Coldwell-Banker v. KRA Holdings***, 42 S.W.3d 868 (Tenn. Ct. App. 2000).

## II.

The Handbook offers no solace to the Plaintiff. Its Foreword provides:

> This handbook neither implies nor establishes an employment contract. Its contents summarize current policies and programs, and it is intended as an informational guideline only. ORNL retains the right to change, modify, suspend, interpret, or cancel in whole or in part any of its published or unpublished policies or practices, without advance notice, in its sole discretion, without having to give cause or justification to any employee.
>
> Recognition of these rights and prerogatives is a term and condition of employment and continued employment. As such, the contents of this handbook do not constitute the terms of an employment contract. Nothing contained in this handbook should be construed as a guarantee of continued employment, but rather, employment at ORNL is on an at-will basis. This means that the employment relationship may be terminated at any time by either the employee or the company for any reason not expressly prohibited by law. Any written or oral statement to the contrary by a supervisor, corporate officer, or other agent of the company is invalid and should not be relied upon by any prospective or existing employee.

The Plaintiff was terminated for misconduct in allegedly directing another employee to falsify her time record. Under the law in this jurisdiction, the Defendant need not have articulated a reason to discharge the Plaintiff because his employment was admittedly at-will, a century-old, well-settled principle of Tennessee law. ***Bennett v. Steiner-Liff Iron and Metal Co.***, 826 S.W.2d 119 (Tenn. 1992). The employer-employee relationship of the parties clearly was neither created nor governed by the Handbook.

## III.

The Plaintiff argues that the Handbook afforded him a contractual right to a peer-review appeal of his termination, which he failed to receive, and he relies on the case of ***Williams v. Maremont Inc.***, 776 S.W.2d 78 (Tenn. Ct. App. 1988) in support of his argument. ***Williams***

addressed the issue of whether an employee handbook afforded laid-off employees a contractual right to be recalled on the basis of seniority. The handbook provided that "employees will be recalled in the order of seniority" and included other provisions which indicated an intention on the part of the employer to create a binding commitment, contrary to the Handbook in the case at Bar. ***Williams*** is inapposite here.

The judgment is accordingly affirmed at the costs of the Appellant, John F. McCarthy.

_____
WILLIAM H. INMAN, SENIOR JUDGE