# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### NOVEMBER 18, 2010 Session

## RAYNARD HILL, SR. v. SOUTHWEST TENNESSEE COMMUNITY COLLEGE

**Direct Appeal from the Tennessee Claims Commission**
**No. T20090563-1     Nancy C. Miller-Herron, Commissioner**

---

**No. W2010-01222-COA-R3-CV - Filed December 7, 2010**

---

This is an employee discharge case. Plaintiff was an at-will employee who alleged that his termination violated the implied covenant of good faith and fair dealing in his employment contract. The Tennessee Claims Commission dismissed his complaint for failure to state a claim. We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Claims Commission Affirmed**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

William G. Hardwick, II, Memphis, Tennessee, for the appellant, Raynard Hill, Sr.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General, Steven B. McCloud, Senior Counsel, Nashville, Tennessee, for the appellee, Southwest Tennessee Community College

**OPINION**

## I. FACTS & PROCEDURAL HISTORY

Raynard Hill, Sr. filed this lawsuit against his former employer, Southwest Tennessee Community College ("Defendant"), in the Tennessee Claims Commission. Mr. Hill alleged that he had entered into an employment contract with Defendant on November 12, 2007, and that such contract provided for a six-month probationary period of employment. Mr. Hill alleged that an incident occurred on May 2, 2008, involving allegations that he reported for duty at the wrong location, and he was reprimanded and fired after the incident. According to Mr. Hill, however, the "real reason" he was fired was because, in February 2008, he "made some remarks about radio use" that angered his superiors. Thus, Mr. Hill claimed that the stated reason for his termination was pretextual. The sole cause of action set forth in Mr. Hill's complaint was "for breach of the implied covenant of good faith and fair dealing in an employment contract." He attached his employment agreement to his complaint, which stated that during Mr. Hill's six-month period of probationary employment, the agreement could be terminated without prior notice.

Defendant filed an answer asserting that Mr. Hill's probationary status allowed him to be terminated at any time for any reason. It then filed a motion to dismiss, asserting that the allegations in the complaint, if true, did not entitle Mr. Hill to relief because he was terminated during the probationary period of his employment. The Claims Commission granted Defendant's motion to dismiss, and Mr. Hill appeals.

## II. ISSUE PRESENTED

On appeal, Mr. Hill asks this Court to consider whether the Claims Commission erred in dismissing his complaint for failure to state a claim, which alleged that he was an at-will and probationary employee terminated without just cause.

## III. STANDARD OF REVIEW

"A Rule 12.02(6) motion to dismiss seeks only to determine whether the pleadings state a claim upon which relief can be granted." *Edwards v. Allen*, 216 S.W.3d 278, 284 (Tenn. 2007). The motion challenges the legal sufficiency of the complaint, admitting the truth of all relevant and material averments contained therein, but asserting that such facts do not constitute a cause of action. *Id.* "It is well-settled that a complaint should not be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his or her claim that would warrant relief." *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002). We are required to take the relevant and

material factual allegations in the complaint as true and to liberally construe all allegations in favor of the plaintiff. *Edwards*, 216 S.W.3d at 284. We review a trial court's conclusions of law *de novo* with no presumption of correctness. *Id.*

## IV. DISCUSSION

### A. Employment-at-will

"Tennessee has long adhered to the employment-at-will doctrine in employment relationships not established or formalized by a contract for a definite term." *Crews v. Buckman Labs. Int'l, Inc.*, 78 S.W.3d 852, 857 (Tenn. 2002). Under this doctrine, "both the employer and the employee are generally permitted, with certain exceptions,[1] to terminate the employment relationship 'at any time for good cause, bad cause, or no cause.'" *Id.* (quoting *Sullivan v. Baptist Mem'l Hosp.*, 995 S.W.2d 569, 574 (Tenn. 1999)). The employment-at-will doctrine recognizes that employers should be free to make their own business judgments without undue court interference, while also allowing employees to exercise their rights in the same way and to the same extent by refusing to work for a person or company for the same cause or want of cause as the employer. *Id.*

### B. The Duty of Good Faith & Fair Dealing

"'It is true that there is implied in every contract a duty of good faith and fair dealing in its performance and enforcement[.]'" *Wallace v. Nat'l Bank of Commerce*, 938 S.W.2d 684, 686 (Tenn. 1996) (quoting *TSC Indus., Inc. v. Tomlin*, 743 S.W.2d 169, 173 (Tenn. Ct. App. 1987)). However, what this duty consists of depends upon the individual contract in each case. *Id.* (quoting *Tomlin*, 743 S.W.2d at 173). "[I]n determining whether the parties acted in good faith in the performance of a contract, the court must judge the performance against the intent of the parties as determined by a reasonable and fair construction of the language of the instrument." *Id.* (citing *Covington v. Robinson,* 723 S.W.2d 643, 645-46 (Tenn. Ct. App. 1986)). In other words, good faith in performance is measured by the terms of the contract. *Id.* "[T]he common law duty of good faith does not extend beyond the agreed upon terms of the contract and the reasonable contractual expectations of the parties." *Id.* (citing *Sheets v. Knight*, 308 Or. 220, 779 P.2d 1000 (1989)). It does not create new contractual rights or obligations, nor can it be used to circumvent or alter the specific terms

---

[1] "An at-will employee 'generally may not be discharged for attempting to exercise a statutory or constitutional right, or for any other reason which violates a clear public policy which is evidenced by an unambiguous constitutional, statutory, or regulatory provision.'" *Crews*, 78 S.W.3d at 858 (quoting *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716-17 (Tenn. 1997)). Mr. Hill does not allege that he was discharged for any such reason.

of the parties' agreement.  *Goot v. Metro. Gov't of Nashville & Davidson County*, No. M2003-02013-COA-R3-CV, 2005 WL 3031638, at *7 (Tenn. Ct. App. Nov. 9, 2005).

### C.    Reconciling At-Will Employment & the Duty of Good Faith

Mr. Hill concedes that he was an employee at-will, but he argues that it is necessary for this Court to determine how the doctrine of at-will employment is affected by the duty of good faith and fair dealing.  This issue has already been addressed on numerous occasions. "Employees-at-will have no contract right or expectation of continued, indefinite employment because they can be terminated at any time for any reason."  *Goot*, 2005 WL 3031638, at *8 (footnote omitted).  "Because the implied obligation of good faith and fair dealing does not create new rights or modify existing contract rights, . . . the implied duty of good faith and fair dealing cannot modify the employment-at-will doctrine and, therefore, . . . an employer does not breach its implied duty of good faith and fair dealing when it discharges an at-will employee for any reason."[2]  *Id.*  Simply stated, "the covenant of good faith and fair dealing does not, *ipso facto*, negate the at-will employment relationship." *Sudberry v. Royal & Sun Alliance*, No. M2008-00751-COA-R3-CV, 2008 WL 4466487, at *9 (Tenn. Ct. App. W.S. Oct. 3, 2008).

On appeal, Mr. Hill relies upon *Dubois v. Gentry*, 184 S.W.2d 369 (Tenn. 1945), which involved a lease agreement, not an employment contract.  There, the Court addressed the meaning of a lease agreement that provided that the lessee could terminate the lease for any reason other than a willful refusal to abide by it.  *Id.* at 371.  *Dubois* has no application to this situation.

Mr. Hill also argues that his complaint should not have been dismissed because courts in other states allow a cause of action for breach of the implied covenant of good faith for at-will employees.  We do not dispute this assertion.  A small minority of jurisdictions treat

---

[2]  This Court stated in *McGee v. Best*, 106 S.W.3d 48, 67 (Tenn. Ct. App. 2002) that "[t]here is no implied covenant of good faith and fair dealing in an employee-at-will contract."  As the Middle Section pointed out in *Goot*, that statement "went too far."  2005 WL 3031638, at *8.  Our Supreme Court has recognized that "there is implied in every contract a duty of good faith and fair dealing in its performance and enforcement[.]"  *Wallace*, 938 S.W.2d at 686.  "[A]n employer does not breach its implied duty of good faith and fair dealing when it discharges an at-will employee for any reason."  *Goot*, 2005 WL 3031638, at *8.  However, "parties typically agree on other terms of employment, such as wages and hours, without regard to the lack of a specific durational term."  *Williams v. Maremont Corp.*, 776 S.W.2d 78, 80 (Tenn. Ct. App. 1988).  Employees at will may have other contract rights and expectations, such as the right and expectation to be paid the agreed-upon wage and the right and expectation of having work hours consistent with applicable federal and state law, that could be subject to the duty of good faith.  *Goot*, 2005 WL 3031638, at *8.

the implied covenant of good faith and fair dealing as an exception to the employment at-will doctrine. Susan Dana, "The Covenant of Good Faith and Fair Dealing: A Concentrated Effort to Clarify the Imprecision of Its Applicability in Employment Law," 5 *Transactions: Tenn. J. Bus. L.* 291, 297 (2004). "In essence, [these] courts are simultaneously imposing the at-will doctrine, which states that either party may terminate the relationship for any reason, and the contractual principle of good faith and fair dealing, which effectually asserts, in part, the notion that the parties are prohibited from terminating the relationship for any reason." Consequently, many courts still refuse to recognize such an exception. ***Id.***

In several previous cases, Tennessee courts have determined that complaints filed by at-will employees who alleged that their termination violated the covenant of good faith and fair dealing were subject to dismissal. *See, e.g.*, ***Randolph v. Dominion Bank of Middle Tennessee***, 826 S.W.2d 477, 478-80 (Tenn. Ct. App. 1991) (reversing the trial court's denial of a motion to dismiss). Mr. Hill's contract clearly provided that he could be terminated without notice during the probationary period, and he concedes that he was an at-will employee. Thus, Defendant did not act in bad faith by terminating him, whether for good cause, bad cause, or no cause at all. Because the facts alleged in Mr. Hill's complaint do not entitle him to relief under Tennessee law, we affirm the Claims Commission's decision to dismiss his complaint.

## V. CONCLUSION

For the aforementioned reasons, we affirm the decision of the Tennessee Claims Commission. Costs of this appeal are taxed to the appellant, Raynard Hill, Sr., for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.