# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### AUGUST 25, 2011 Session

## ELIZABETH CUDE v. GILBERT E. HERREN, M.D., ET AL.

### Direct Appeal from the Circuit Court for Shelby County
### No. CT-000597-10     Robert L. Childers, Judge

### No. W2010-01425-COA-R3-CV - Filed September 26, 2011

The trial court dismissed Plaintiff's re-filed suit for failure to comply with the 60-day notice and certificate of good faith requirements set out in the Medical Malpractice Act. Because we find such requirements applicable to Plaintiff's suit and no extraordinary cause to excuse her non-compliance, we affirm the trial court's dismissal.

### Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., and J. STEVEN STAFFORD, J., joined.

Thomas D. Yeaglin, Memphis, Tennessee, for the appellant, Elizabeth Cude

Michael G. McLaren, Jana Davis Lamanna, Memphis, Tennessee, for the appellee, Gilbert E. Herren, M.D.

Eugene J. Podesta, Jr., Julia Kavanagh, Memphis, Tennessee, for the appellee, Methodist Healthcare - Memphis Hospitals

**OPINION**

## I.  FACTS & PROCEDURAL HISTORY

Plaintiff Elizabeth Cude[1] originally filed a Complaint for Medical Malpractice against Gilbert E. Herren, M.D. and Methodist Healthcare - Memphis Hospitals (collectively, "Defendants") on September 29, 2005, alleging that Defendants had failed to properly treat and diagnose her, resulting in a ruptured subarachnoid aneurysm.[2]  However, Plaintiff voluntarily nonsuited this lawsuit on February 11, 2009, and the trial court entered an order dismissing the suit without prejudice.

On February 9, 2010, Plaintiff, within the one-year savings statute period,[3] filed a Complaint for Money Damages against Defendants.  Her re-filed complaint, however, did not comply with two requirements which had been incorporated into the Tennessee Medical Malpractice Act on October 1, 2008, and which had been amended effective July 1, 2009.  Specifically, Plaintiff failed to give sixty days' notice prior to filing her complaint, as required by Tennessee Code Annotated section 29-26-121, and she failed to file a certificate of good faith along with her complaint, as mandated by Tennessee Code Annotated section 29-26-122.  Based on Plaintiff's failure to comply with the requirements of the Tennessee Medical  Malpractice Act, Defendants moved to dismiss Plaintiff's re-filed complaint.  Following a hearing, the trial court granted Defendants' motions in a May 3, 2010 order and Plaintiff timely appealed.

Subsequently, in June 2010, Plaintiff submitted a response to Defendants' motions to dismiss.  Plaintiff claimed that she had attempted to file her response in April 2010, but that such response had apparently been mis-filed under the docket number of the original suit.  Likewise, she submitted a document styled "Plaintiff's Tender of Medical Affidavits in Support of her Position in the Cause[.]"  Attached to this document were the affidavit of a medical doctor stating his opinion "that as a proximate result of Dr. Herren's failure to meet the standard of care . . . [Plaintiff] suffered injuries that she would not otherwise have

---

[1]The original complaint was filed on behalf of both Elizabeth Cude and Johnny Cude.  However, following Johnny Cude's death, Elizabeth Cude was substituted as the plaintiff in place of her deceased husband.

[2]On July 20, 2007, the trial court entered an order dismissing with prejudice all *direct* negligence claims against Methodist Healthcare - Memphis Hospitals.  However, the order did not affect any potential claims of *vicarious liability* against Methodist Healthcare - Memphis Hospitals based on the alleged acts or omissions of Dr. Herren.

[3]Tenn. Code Ann. § 28-1-105.

-2-

[in]curred[,]" and "Plaintiff's Supplemental Answer to Identify Expert Witness" stating that a named medical doctor "will testify that Dr. Herren's failure to diagnose made a difference in Plaintiff's treatment and that the initial symptoms/presentation, more likely than not, represented a 'sentinel' bleed."

Plaintiff then filed a motion to reconsider, objecting "not only to the fact of the dismissal," but also claiming that the dismissal should have been "without prejudice." On June 11, 2010, the trial court entered an order denying Plaintiff's motion.[4]

## II.  ISSUES PRESENTED

Plaintiff presents the following issues, as summarized, for review:

1.  Whether the trial court erred in holding that the notice and good faith requirements of the Tennessee Medical Malpractice Act as amended in 2009 applied to Plaintiff's cause of action; and

2.  Whether the trial court erred in holding that no 'extraordinary cause' existed to excuse Plaintiff's non-compliance with the Act's notice and good faith requirements.

For the following reasons, we affirm the decision of the circuit court.

## III.  STANDARD OF REVIEW

The determination of whether the trial court erred in ruling on a motion to dismiss for failure to state a claim upon which relief could be granted is a question of law. *Doe v. Catholic Bishop for Diocese of Memphis,* 306 S.W.3d 712, 717 (Tenn. Ct. App. 2008) (citing *Farris v. Todd,* No. E1999-01574-COA-R3-CV, 2000 WL 528408, at *2 (Tenn. Ct. App. May 3, 2000)). Thus, this Court must review the trial court's ruling on a Rule 12.02(6) motion to dismiss de novo with no presumption of correctness. *Id.* (citing *Stein v. Davidson Hotel Co.,* 945 S.W.2d 714, 716 (Tenn.1997)). "'[W]e must construe the [plaintiff's]

_____

[4]We note that when Plaintiff filed her notice of appeal on June 2, 2010, the trial court lost jurisdiction to consider her later-filed motion to reconsider. *See State v. Whaley*, No. E2001-01476-CCA-R3-CD, 2002 WL 1925603, at *2 (Tenn. Crim. App. Aug. 21, 2002) (citing *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996)). Although any action taken by the trial court following the filing of the notice of appeal is void, because the trial court denied Plaintiff's motion to reconsider, the trial court's error does not affect the substantive merits of this appeal. *See Whaley*, 2002 WL 1925603, at *2.

complaint liberally in favor of the plaintiff, taking all of the allegations of fact therein as true[,]'" *Id.* (quoting *Randolph v. Dominion Bank of Middle Tenn.,* 826 S.W.2d 477, 478 (Tenn. Ct. App. 1991)), as "[a] motion to dismiss for failure to state a claim for which relief can be granted 'tests only the legal sufficiency of the complaint[.]'" *Id.* (quoting *Stein,* 945 S.W.2d at 716).

## IV. DISCUSSION

### A. Application of Notice and Certificate of Good Faith Requirements

In 2008, the General Assembly made substantial changes to the Medical Malpractice Act (the "Act"), Tennessee Code Annotated section 26-26-115 et seq., effective October 1, 2008. *See Howell v. Claiborne and Hughes Health Ctr.*, No. M2009-01683-COA-R3-CV, 2010 WL 2539651, at \*14 (Tenn. Ct. App. June 24, 2010) *perm. app. granted* (Tenn. Dec. 7, 2010) *perm. app. dismissed* (Tenn. Jan. 19, 2011). These changes included two new requirements:

> (1) at Tenn. Code Ann. § 29-26-121 that the plaintiff give notice of the potential malpractice claim to the healthcare provider who is to be named the defendant at least 60 days prior to filing suit; and (2) at Tenn. Code Ann. § 29-26-122 that the plaintiff or plaintiff's counsel file a certificate within 90 days of the filing of the complaint stating that a competent medical expert witness has been consulted and had provided a signed statement expressing a professional belief that there was a good faith basis to maintain the suit.

*Barnett v. Elite Sports Medicine*, No. M2010-00619-COA-R3-CV, 2010 WL 5289669, at \*1 (Tenn. Ct. App. Dec. 17, 2010). However, effective July 1, 2009, the Act was amended, as relevant to this appeal, to require that the certificate of good faith be filed contemporaneously with the complaint and to provide for the complaint's dismissal if the certificate was not filed with the complaint, with two exceptions.[5] *See id.*

Again, Plaintiff initially filed suit on September 29, 2005. She voluntarily non-suited her claim on February 11, 2009, and re-filed the action on February 9, 2010. On appeal,

---

[5]Section 29-26-122(a) provides that "[i]f the certificate of good faith is not filed with the complaint, the complaint shall be dismissed . . . absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested . . . or demonstrated extraordinary cause."

Plaintiff argues that she is entitled to the "same procedural and substantive benefits and rights" in her re-filed suit as were available to her when she initially filed suit. Thus, she contends, because the 60-day notice and certificate of good faith requirements had not yet been enacted when she brought suit in 2005, these requirements should be held inapplicable to her action re-filed in 2010. This Court, however, has previously rejected the argument Plaintiff now makes and has determined that actions non-suited after the enactment of the notice of good faith provisions and re-filed following the effective date of their amendment, must comply with these provisions.

In *Barnett v. Elite Sports Medicine*, No. M2010-00619-COA-R3-CV, 2010 WL 5289669, at *1 (Tenn. Ct. App. Dec. 17, 2010), the middle section of this Court considered whether a suit originally filed on September 22, 2008, voluntarily non-suited on November 24, 2008, and re-filed on November 24, 2009, was subject to the certificate of good faith requirement. As in this case, the *Barnett* plaintiff argued that the malpractice law in effect at the time of her original suit should govern the re-filed action. *Id.* at *2. However, the Court found that her contention was "premised upon a misunderstanding of Tenn. R. Civ. P. 41.01, which allows a plaintiff to voluntarily dismiss an action without prejudice to refiling the action." *Id.* The Court explained that when an order approving the dismissal is entered, "the case is, for all intents and purposes, over." *Id.* Thus, "[i]f the action is refiled, it proceeds as a new action, subject only to the provisions of Tenn. R. Civ. P. 41.04 relating to the payment of costs attributable to the prior action." *Id.* The Court found "nothing . . . to support the contention that the requirement to file a certificate of good faith was not to be imposed on *all* actions filed after July 1, 2009." *Id.* (emphasis added).

Similarly, in *Myers v. AMISUB (SFH), Inc.*, No. W2010-00837-COA-R9-CV, 2011 WL 664753, at *1 (Tenn. Ct. App. Feb. 24, 2011) *perm. app. granted* (Tenn. Aug. 23, 2011), this Court determined that a suit originally filed on January 5, 2007, non-suited on October 21, 2008, and re-filed on September 30, 2009, was properly dismissed for failure to comply with the notice and certificate of good faith requirements. We rejected the plaintiff's argument that because his suit was originally filed prior to the requirements' enactment, that his re-filed suit was not subject to such. *Id.* at *2. We, again, observed that plaintiff's re-filed "action commenced pursuant to the savings statute [wa]s a 'new action,'" and therefore, it "was governed by the statutory provisions which became effective as amended on July 1, 2009." *Id.* (citing *Old Hickory Eng'g and Mach. Co. v. Henry*, 937 S.W.2d 782, 784-85 (Tenn. 1996); *Howell*, 2010 WL 2539651).

Based on the above-cited cases, it is clear that when Plaintiff re-filed her suit on February 9, 2010, it was a "new action" subject to the requirements of Tennessee Code

Annotated sections 29-26-121 and 29-26-122, as amended effective July 1, 2009. Plaintiff's argument to the contrary is unsupported and without merit.

## B. *Extraordinary Cause*

Both the 60-day notice requirement set out in Tennessee Code Annotated section 29-26-121 and the certificate of good faith requirement set out in Tennessee Code Annotated section 29-26-122, provide that compliance may be excused when, in the trial court's discretion, "extraordinary cause" is shown. *See Myers*, 2011 WL 664753, at *8. On appeal, Plaintiff contends that she has demonstrated such "extraordinary cause" to excuse her admitted non-compliance with both requirements.

First, Plaintiff cites the affidavit of her appellate attorney, in which he stated that he "met with the Plaintiff in this cause for the very first time approximately seven days prior to the one year anniversary date of the prior taken Non Suit[.]" Thus, Plaintiff claims, "it was impossible for the new attorneys . . . to comply with these statutes." Additionally, she cites two documents from the original lawsuit which she claims "were possessed by the Defendants for a year or more before the second lawsuit was filed[:]" 1) the affidavit of a medical doctor opining that Dr. Herren breached the standard of care and proximately caused Plaintiff's alleged injury; and 2) a supplemental answer identifying an expert witness who would testify that "Dr. Herren's failure to diagnose made a difference in Plaintiff's treatment and that the initial symptoms/presentation, more likely than not, represented a 'sentinel' bleed." Finally, she points to Dr. Herren's depositions taken prior to the non-suit. She claims that "the taken and filed depositions of Dr. Herren which [were] so questionable regarding the issues of his judgment, etc. and several inactions perpetrated by him . . . should have put the Defendants and any other reasonable medical persons on ample notice as to what the Plaintiff's were contending."[6] Plaintiff maintains that these documents afforded Defendants actual notice of the claim against them, an opportunity to investigate and settle such claim, and "and very detailed knowledge of the merits of the claim."

The purpose of the 60-day notice and certificate of good faith requirements is "to provide notice to health care providers of potential claims against them so that they might investigate the matter and perhaps settle the claim, and also to reduce the number of meritless claims which [a]re filed." *Howell*, 2010 WL 2539651, at *16 (citing *Jenkins v. Marvel*, 683 F.Supp.2d 626 (E.D. Tenn. Jan. 14, 2010); Day, John A., *Med. Mal Makeover 2009 Act*

---

[6]We note that these depositions are not included in the record on appeal.

*Improves on '08*, 45-JUL Tenn. B.J. 14 (July 2009)). In *Howell v. Claiborne and Hughes Health Center*, No. M2009-01683-COA-R3-CV, 2010 WL 2539651, at *17 (Tenn. Ct. App. June 24, 2010), we excused the plaintiff's non-compliance with the 60-day notice requirement, finding that the statutory purpose had been met.

Like the instant case, *Howell* involved a refiled action; the *Howell* suit was initially filed in July 2007, non-suited on November 28, 2007, and re-filed on October 6, 2008. *Id.* at *1. The *Howell* plaintiff argued, among other things, that compliance with the 60-day notice requirement was impossible because "the second action was filed a mere five days after the requirement went into effect . . . [and] the statute . . . did not extend the savings statute period[.]" *Id.* at *14. In excusing the plaintiff's non-compliance, we relied upon the "virtually identical" case of *Jenkins v. Marvel*, 683 F.Supp.2d 626 (E.D. Tenn. Jan. 14, 2010), in which the United States District Court for the Eastern District of Tennessee excused non-compliance with the 60-day notice provision where the plaintiff re-filed her complaint just days after the amendments' enactment and where she complied with the certificate of good faith requirement. *Id.* at *16. In finding that extraordinary cause had been demonstrated, we noted the "unique circumstances" of the case. *Id.* at *17. Specifically, we observed that the plaintiff's initial suit had afforded the defendant actual notice of the suit, that his complaint had been re-filed "mere days" after the amendments' enactment, and that the plaintiff had filed a certificate of good faith demonstrating the claim's merit. *Id.*

We also addressed "extraordinary cause" in the cases of *Myers, Barnett*, and *DePue v. Schroeder*, No. E2010-00504-COA-R9-CV, 2011 WL 538865 (Tenn. Ct. App. Feb. 15, 2011). In *Myers*, the plaintiff–who failed to provide notice or file a certificate of good faith–asserted that statutory notice was not required because his original suit had given the defendants "'forewarning that they could possibly face a lawsuit' and an opportunity to settle the matter more than 60 days prior" to the re-filing of the plaintiff's suit. **2011 WL 664753, at *8**. Additionally, the plaintiff argued "that a certificate of good faith was not required . . . . [because] his claim was 'more than amply vetted and screened for merit before it was filed,' and that the proceedings in the previously filed lawsuit served the statutory purpose of 'weeding out' a lawsuit that lacked merit." *Id.* at *8. We rejected the plaintiff's argument that "the requisites of the statute are not mandatory where Defendants have not demonstrated prejudice[,]" and we concluded that extraordinary cause had not been demonstrated. *Id.* at *8-9. In so concluding, we distinguished *Jenkins* and *Howell*, as both involved actions "re-filed within days of the effective date of the statute[,]" and in both cases, the plaintiffs had filed certificates of good faith. *Id.* at *9.

In *DePue*, which did not involve a re-filed action, the plaintiffs argued that their 53-day notice prior to filing suit complied with the "spirit" of the notice statute, as it gave the defendants notice and ample time to respond, investigate or settle the claims. **2011 WL 538865, at \*8**. The plaintiffs' counsel stated that the early filing was a result of "1) her own oversight that 60 days had not elapsed, and 2) unwarranted concerns about the running of the statute of limitations[.]"[7] *Id.* The trial court excused the plaintiff's non-compliance, finding that there was "substantial compliance" with the statutory requirements and that "no prejudice resulted to defendants[.]" *Id.* However, this Court reversed, explaining that "a showing of 'extraordinary cause' [requires] something obviously much greater than 'substantial compliance' or lack of prejudice[.]" *Id.* Based on the plaintiffs' failure to give the requisite notice, we found that the complaint must be dismissed.[8]

In *Barnett*, the plaintiff cited her mother's death and her own upcoming knee replacement surgery and treatment for major depressive disorder as grounds for excusing her non-compliance with the certificate of good faith requirement. **2010 WL 5289669, at \*3**. However, in finding no extraordinary cause existed, the middle section of this Court observed that the plaintiff apparently possessed an unsigned and undated "Certificate of Good Faith Expert Statement For [Plaintiff]" demonstrating both her awareness of the requirement and her ability to comply with it. *Id.* at \*3. Additionally, the Court noted that the certificate of good faith requirement had been in place when the plaintiff non-suited her original claim. *Id.* at \*4.

Again, in the instant case, Plaintiff maintains that her failure to give 60 days' notice and to file a certificate of good faith should be excused because she hired her attorney only seven days prior to the running of the savings statute and because documents filed in the original suit effectively notified Defendant of her allegedly worthy claims. However, we

---

[7]Tennessee Code Annotated section 29-26-122(c) extends the statute of limitations where notice is given.

[8]The *DePue* plaintiffs pointed out that the statute is silent as to the effect of a failure to give proper notice. **2011 WL 538865, at \*8**. However, this Court found that

> the plain language of the statute requires that a plaintiff 'shall give written notice of the potential claim to each health care provider against whom the potential claim is being made at least sixty (60) days before the filing of the complaint[,]' From this language, the legislature intended for compliance to be mandatory. Moreover, the case of *Long v. Hillcrest Healthcare-West*, [No. E2009-01405-COA-R3-CV,] 2010 WL 1526065 (Tenn. Ct. App. Apr. 16, 2010), makes clear that failure to comply with the notice requirements of Tenn. Code Ann. § 29-26-121 will result in dismissal.

*Id.*

cannot say that the trial court abused its discretion in finding extraordinary cause was not demonstrated. This was not a case, like *Howell* and *Jenkins*, where suit was re-filed shortly after the requirements were enacted. Instead, Plaintiff's original suit was non-suited after sections 29-26-121 and 122 became effective, and her suit was not re-filed until February of 2010, more than seven months after the effective date of the 2009 amendments. Moreover, as in *Barnett*, we find that Plaintiff's–and allegedly Defendant's–possession of certificate of good faith-type documentation does not excuse statutory compliance, but instead it demonstrates that Plaintiff had both knowledge of the requirement and a present ability to comply with it. In sum, we reject Plaintiff's contention that her alleged substantial compliance with the statutory requirements and the alleged lack of prejudice to Defendant constitute extraordinary cause to support waiver of the statutory requirements. Thus, we find that the trial court did not err in refusing to waive the requisites of Tennessee Code Annotated section 29-26-121 and section 29-26-122 in this case.

## V. CONCLUSION

For the aforementioned reasons, we affirm the decision of the circuit court. Costs of this appeal are taxed to Appellant, Elizabeth Cude, and her surety, for which execution may issue if necessary.

_____

ALAN E. HIGHERS, P.J., W.S.